The **PEOPLE** of the State of Colorado, Plaintiff-Appellant,

v.

**Eric Dewayne WHITE,** Defendant-Appellee.

No. 83SA333.

Supreme Court of Colorado, En Banc.

April 2, 1984.

Norman S. Early, Jr., Dist. Atty., O. Otto Moore, Asst. Dist. Atty., Denver, for plaintiff-appellant.

---

David F. Vela, Colorado State Public Defender, Barbara S. Blackman, Deputy State Public Defender, Denver, for defendant-appellee.

ERICKSON, Chief Justice.

■ The Denver District Court suspended four years of an eight year and one day sentence imposed on the defendant, Eric Dewayne White. The district attorney appealed asserting that the legislatively prescribed parameters on sentencing may not be circumvented by suspending part of the sentence. We agree and accordingly reverse and remand with directions.

### I.

The defendant was convicted by a jury of first-degree aggravated motor vehicle theft, a class 3 felony. Section 18–4–409, C.R.S.1973 (1978 Repl.Vol. 8 & 1983 Cum. Supp.).[1] At the July 27, 1983 sentencing hearing the district court initially imposed a sentence of four years and one month, a term within the presumptive range for a class 3 felony.[2] Since the vehicle theft was committed while the defendant was on probation for a prior felony, the district attorney indicated to the court that a sentence of at least eight years was required.[3] In imposing sentence the judge said:

"[T]he district attorney is quite right. You have to get eight years plus a day, and that's what I am giving you, eight years in the Department of Corrections plus one day. I'll suspend four years of that sentence. The reason I'm suspending it is solely due to your age and no other reason. There is no other reason why you shouldn't do the full time except for the fact that you're only 19. The offense was committed when you were 18, and I'm giving you consideration for that and for the fact that it was a non-violent crime."

### II.

■ The legislature has the inherent authority to prescribe punishment for criminal violations. *People v. Arellano*, 185 Colo. 280, 524 P.2d 305 (1974). A court may not impose a sentence which is contrary to the legislative mandate set forth in section 18–1–105(1)(a), C.R.S.1973 (1978 Repl.Vol. 8 & 1983 Cum.Supp.). *People v. District Court*, 673 P.2d 991 (Colo.1983); *People v. Hinchman*, 196 Colo. 526, 589

---

1. Under section 18–4–409(2):

   "(2) A person commits aggravated motor vehicle theft in the first degree if he knowingly obtains or exercises control over the motor vehicle of another without authorization or by threat or deception and:

   ....

   (e) Causes five hundred dollars or more property damage in the exercise of control of the motor vehicle, ...."

   Under section 18–4–409(3)(b) aggravated motor vehicle theft is treated as a class 3 felony if the value of the car is more than $10,000.

   The facts in this case are that the defendant was observed by Denver police officers operating a 1981 Cadillac Eldorado at a high rate of speed, and running a red light. He was pursued by them and later apprehended in a foot chase after abandoning the car. It was determined the car had been taken from a parking lot. The value of the car exceeded $10,000. When the car was returned to its owner it had sustained approximately $1,000 in damage.

2. Section 18–1–105(1)(a), C.R.S.1973 (1978 Repl. Vol. 8 & 1983 Cum.Supp.), governs sentencing terms for felonies. It provides:

   "Felonies are divided into five classes which are distinguished from one another by the following presumptive ranges of penalties which are authorized upon conviction:

   | Class | Presumptive Range |
   |---|---|
   | . . . . | |
   | 3 | Four to eight years plus one year of parole. . . ." |

3. Section 18–1–105(9)(a), C.R.S.1973 (1978 Repl. Vol. 8 & 1983 Cum.Supp.) provides:

   "(9)(a) The presence of any one or more of the following extraordinary aggravating circumstances shall require the court, if it sentences the defendant to incarceration, to sentence the defendant to a term greater than the maximum in the presumptive range, but not more than twice the maximum term authorized in the presumptive range for the punishment of a felony:

   ....

   (III) The defendant was on probation for another felony at the time of the commission of the felony."

P.2d 917 (1978), *cert. denied*, 442 U.S. 941, 99 S.Ct. 2883, 61 L.Ed.2d 311 (1979).

In *People v. Hinchman, supra*, the defendant was convicted of first-degree arson which was punishable by a sentence within the presumptive range of five to forty years. The district court imposed a sentence of five to six years and then suspended three years of the minimum and maximum sentence. As a result, the sentence imposed was two to three years. We disapproved of the suspension and held that a district court may not "circumvent legislative dictates by first sentencing within legislatively prescribed parameters, and then suspending a portion of the minimum and maximum." 196 Colo. at 531, 589 P.2d at 920.

In *People v. District Court, supra*, the defendant was sentenced to the Department of Corrections for four years with one year of parole. The sentence was suspended and the district court imposed a probationary sentence, even though it had earlier rejected probation. In reversing the district court, we said:

> "A trial court, having rejected probation, cannot circumvent legislative dictates by sentencing within prescribed parameters, suspending the sentence, and then imposing conditions which are authorized only in connection with probation."

*People v. District Court*, 673 P.2d at 996.[4]

 Although a court may, in its discretion, consider factors such as age in imposing sentence, legislatively imposed restraints must be complied with in determining the proper sentence in a particular case. A court may not ignore a legislative mandate and impose what it considers to be a more appropriate sentence. *People ex rel. Gallagher, Jr. v. District Court*, 632 P.2d 1009 (Colo.1981). Here the district court exceeded its authority. The sentence in this case of eight years and one day was the minimum which could be imposed. The suspension of four years of the sentence reduced the term below the required minimum sentence in the presumptive range.

We remand this case to the district court to vacate the sentence imposed and for resentencing.

---

**4.** The opinion in the *People v. District Court, supra*, decided December 5, 1983, was given prospective effect only, and therefore does not bear upon the July 27, 1983 sentencing here.