**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Michael CROWELL, Defendant–
Appellant.**

No. 92–5682.

United States Court of Appeals,
Sixth Circuit.

Argued March 4, 1993.

Decided June 18, 1993.

Harwell G. Davis, III, Asst. U.S. Atty. (argued and briefed), Jerry G. Cunningham, U.S. Atty., Chattanooga, TN, for plaintiff-appellee.

John C. Cavett, Jr. (argued and briefed), Jahn, Jahn, Cavett & Maddux, Chattanooga, TN, for defendant-appellant.

Before: MERRITT, Chief Judge, and JONES and NELSON, Circuit Judges.

MERRITT, Chief Judge.

Defendant Michael Crowell appeals his conviction by guilty plea and sentence for possession with intent to distribute and distribution of cocaine, and for conspiracy. He challenges the district court's grant of the government's motion to withdraw from a plea agreement, the district court's finding that defendant is a "career offender" under the Sentencing Guidelines, U.S.S.G. § 4B1.1, and the district court's refusal to reduce his offense level for acceptance of responsibility, U.S.S.G. § 3E1.1. We vacate the judgment and sentence and remand the case to the district court for reconsideration of these issues.

### I.

In July, 1991, defendant Crowell was arrested in Georgia and charged with cocaine trafficking. In August, while out on bond, Crowell contacted an undercover agent with the Tennessee Bureau of Investigation about the possibility of exchanging cocaine for marijuana. Federal and state agents conducted a sting operation in Tennessee in October, 1991. They arrested Crowell, along with two other men allegedly involved in the proposed drug transaction, Steven Rogers and James Gemelas. Crowell and Rogers were charged with conspiracy to possess with intent to distribute and conspiracy to distribute cocaine.

### II.

On January 6, 1992, Crowell and the government executed a plea agreement and filed it with the court. As part of this agreement Crowell promised to "cooperate fully, truthfully, and voluntarily" with the government. Shortly after signing the agreement, Crowell met with government agents and answered questions about the drug transaction for which he was arrested in Tennessee and the transaction that resulted in his Georgia arrest. On January 8, just two days after filing the plea agreement with the court, the government filed a motion to withdraw, alleging that Crowell had violated the agreement.

Crowell had told government agents that he did not know Steven Rogers prior to October, 1991. The government discovered, however, that when Crowell was arrested in Georgia in July, 1991, Georgia authorities had confiscated a pocket computer containing Rogers' name and telephone numbers. The

government was also suspicious that Crowell had lied about the circumstances surrounding his Georgia arrest.

■ On a government motion to withdraw from a plea agreement the burden of proof is on the government to establish by a preponderance of the evidence a substantial breach of the agreement. *United States v. Tilley*, 964 F.2d 66, 71 (1st Cir.1992). In this case, the government failed to offer any testimony or documentary evidence that Crowell violated the plea agreement. The only evidence presented at the hearing was the testimony of Tennessee Bureau of Investigation Agent Copeland. This testimony did not tend to establish that Crowell violated the plea agreement, and the government does not argue otherwise.

■ The government does assert that its allegation of a breach amounted to a proffer of evidence to which the defendant failed to object, and that under *United States v. Lee*, 818 F.2d 1052, 1057 (2d Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 350, 98 L.Ed.2d 376 (1987), the district court was permitted to accept the government's allegations as true. This argument is unavailing. In *Lee* the defendant "waiv[ed] his right to a hearing" by conceding that the government would be able to produce testimony supporting its version of the facts. *Id.* In this case the defense disputed the government's version of the facts and insisted that Crowell had not breached the plea agreement.

■ Nevertheless, the district court granted the government's motion. Commenting upon Agent Copeland's opinion that Crowell had lied to the government, the court stated:

Now, he may be right and he may be wrong about that, but I believe that is his legitimately held opinion, and I suspect he is right, but I don't know that, of course. I don't make a determination about that at this point.... So, I am going to allow the government to withdraw from the Plea Agreement, just as I would allow either of the defendants to withdraw their guilty plea or to withdraw from the Plea Agreement if they did not feel that, legitimately, that the government was living up to the government's side of the Plea Agreement.

This statement indicates that the court thought it could grant the government's motion to withdraw at the court's discretion, or based upon the good faith belief of government agents. As discussed above, a court cannot allow the government to withdraw from a plea agreement because of a defendant's breach of the agreement without proof by a preponderance of the evidence of a substantial breach. *See Tilley*, 964 F.2d at 71.

Although the court later made a written finding that Crowell had violated the plea agreement, the court's misstatement of the law during the hearing was likely a factor in the government's failure to offer evidence of a breach of the agreement. Depending upon how one interprets the record, the court either accepted an improper proffer of evidence or lulled the government into thinking that evidence of a breach was unnecessary. In either case the proper disposition is a remand for a determination of whether Crowell in fact violated the plea agreement by failing to "cooperate fully, truthfully, and voluntarily" with the government.

### III.

■ Crowell also challenges the district court's finding that he is a "career offender" under the Sentencing Guidelines, U.S.S.G. § 4B1.1. Section 4B1.1 provides in part as follows:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time of the instant offense, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions, of either a crime of violence or a controlled substance offense.

Section 4B1.2(1) defines "crime of violence" as follows:

(1) The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another ...

The court's finding that Crowell is a "career offender" is based upon two previous Colorado convictions, one for aggravated robbery and one for aggravated motor vehicle theft. Crowell admits that his aggravated robbery conviction is a "crime of violence" under the Guidelines, but argues that his conviction for aggravated motor vehicle theft is not.

In 1981, Crowell was indicted in Colorado for robbery and aggravated motor vehicle theft; he was also charged with "crime of violence" for using a knife in the robbery. He pled guilty to the motor vehicle count, and the other counts were dismissed. The robbery count charged Crowell with taking money, a car, and other personal property. The aggravated motor vehicle theft count charged Crowell with taking a taxi "without authorization and by threat and deception." A probation officer testified at the sentencing hearing that he had contacted the El Paso County District Attorney's Office and been told that the automobile Crowell was charged with taking in the robbery · count was the same car he was charged with taking in the motor vehicle count. The district court found that the motor vehicle conviction involved the threat of physical force, relying upon the wording of the indictment and the testimony that the same car was involved in all three counts.

A sentencing court may consider all relevant evidence, whether or not such evidence would be admissible at trial, as long as it has sufficient indicia of reliability. U.S.S.G. § 6A1.3. Further, the government need only prove facts used in sentencing determinations by a preponderance of the evidence. *United States v. Range*, 982 F.2d 196, 198 (6th Cir.1992). Despite these liberal rules, the government failed to establish that Crowell is a career offender under the Sentencing Guidelines.

The general rule is that an indictment "cannot be used as evidence against the person indicted." *In re Oliver*, 333 U.S. 257, 265, 68 S.Ct. 499, 503, 92 L.Ed. 682 (1948); *see also United States v. Gotti*, 641 F.Supp. 283, 288 (E.D.N.Y.1986) ("government may offer the indictment of Charles not to prove the facts it states but to show he was under indictment"). At sentencing, the Guidelines exclude any evidence that does not have "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3. This Court has stated that "due process requires ... some evidentiary basis beyond mere allegation in an indictment" and that "[t]his due process limit on the evidence a sentencing court may properly consider is recognized in the commentary to § 6A1.3." *United States v. Smith*, 887 F.2d 104, 108 (6th Cir.1989). The Seventh Circuit has stated that " '[s]ufficient indicia of reliability' might also be described as 'an "evidentiary basis beyond mere allegation in the indictment." ' " *United States v. Coonce*, 961 F.2d 1268, 1281 (7th Cir.1992) (citations omitted). Because Crowell was not convicted on the Colorado robbery count or the crime of violence count, the indictment's references to the use of a knife in those counts cannot be used as evidence against him.

When an indictment does result in a conviction the indictment may be used as evidence of facts essential to sustain the judgment, *Gotti*, 641 F.Supp. at 288–89, but not as evidence that all conduct charged in the indictment occurred. The wording of the aggravated motor vehicle count in the indictment is not evidence that Crowell committed that offense by the "use, attempted use, or threatened use of physical force," because such violence is not essential to an aggravated motor vehicle theft conviction in Colorado. The Colorado Aggravated Motor Vehicle Theft statute states that:

> A person commits aggravated motor vehicle theft in the first degree if he knowingly obtains or exercises control over the motor vehicle of another without authorization or by threat or deception ...

Colo.Rev.Stat. § 18–4–409(2). It is possible to violate this statute without even threatening physical force. For example, in *People v. White*, 679 P.2d 602 (Colo.1984) (en banc), the Colorado Supreme Court considered the case of a defendant convicted of first degree aggravated motor vehicle theft in which the sentencing court suspended four years of the sentence, in part because "it was a nonviolent crime." *Id.* at 603.

The government did not present sufficient evidence for the district court to determine by a preponderance of the evidence that Crowell is a "career offender" under the Sentencing Guidelines. Therefore, if on remand the district court determines that Crowell violated the terms of his plea agreement, the court should also grant Crowell a new sentencing hearing in which the court can reexamine whether he qualifies as a "career offender."

## IV.

This court cannot consider Crowell's claim that he is entitled to a reduction in sentence for acceptance of responsibility without a finding from the district court on the question of Crowell's cooperation with the government. If, therefore, resentencing is necessary, the sentencing court should reexamine this issue as well.

## V.

For the foregoing reasons the judgment and sentence are VACATED and the case is REMANDED to the district court for further proceedings not inconsistent with this opinion.

DAVID A. NELSON, Circuit Judge, concurring.

I concur in the court's judgment, but for reasons that differ from those of my colleagues on the panel.

With respect to the government's motion to withdraw from the plea agreement, I do not believe that the essential facts were in dispute. If my reading of the record is correct in this respect, the district court was not foreclosed from granting the government's motion without further proof. The government was not obliged to introduce evidence proving its stated version of the facts if this version was not questioned by the defendant.

I agree that a remand is required here, however, because I am not sure why the district court granted the motion to withdraw. The comments made by the court in announcing its ruling could be read as suggesting that whether or not there had been a material breach of the plea agreement, either side should be free to withdraw on the basis of a subjective belief that there had been a breach by the other side. That is not the law, as I understand it; what matters is not what the *parties* may think, but whether the *court* concludes that there has been a material breach of the plea bargain.

With respect to the career offender question, the aggravated motor vehicle theft count of the information filed against the defendant in Colorado alleged that the defendant had exercised control over a taxi cab "without authorization and by threat and deception." The defendant pleaded guilty to that count, and his guilty plea was unquestionably admissible. The only known facts that would sustain such a plea make it clear that the defendant stole the taxi cab by threatening the cab driver with a knife, rather than by any non-physical threat or deception. If the career offender issue were the only one before us, therefore, I doubt that a remand would be necessary.