57 F.3d 1071
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee
v.
Michael CROWELL, Defendant-Appellant
 No. 93-6419.
 United States Court of Appeals, Sixth Circuit.
 June 8, 1995.
 
 Before: MILBURN and BATCHELDER, Circuit Judges, and TODD, District Judge.*
 PER CURIAM.
 
 
 1
 Michael Crowell appeals the sentence imposed by the district court upon resentencing. His counsel was permitted to withdraw after counsel filed a motion under 6th Cir.R. 12(d), and a "no merit brief" pursuant to Anders v. California, 386 U.S. 738 (1967), to which both the appellant and the appellee responded, urging this court to grant the motion to withdraw. The panel unanimously agrees that oral argument is not necessary in this case. Fed.R.App.P. 34(a).
 
 
 2
 Crowell was charged with one count of conspiracy to possess with intent to distribute and to distribute cocaine and one count of possession with intent to distribute and distribution of cocaine. Under a proposed plea agreement, he agreed to cooperate with the government and the government agreed to move for a downward departure under U.S.S.G. Sec. 5K1.1 if, in its discretion, the government determined that Crowell cooperated fully. Additionally, Crowell was to receive a reduction for acceptance of responsibility and a sentence in the lower third of the applicable sentencing guideline range. However, due to Crowell's alleged failure to cooperate, the district court permitted the government to withdraw from the plea agreement, and Crowell entered his plea in the absence of an agreement. On May 19, 1992, Crowell was sentenced to serve 262 months imprisonment and four years of supervised release and to pay a $100 special assessment.
 
 
 3
 On appeal from this sentence, this court determined that the district court had erred by failing to make a finding based on a preponderance of the evidence that Crowell had breached the plea agreement. United States v. Crowell, 997 F.2d 146 (6th Cir.1993). We also found that the district court erred by basing an enhancement under U.S.S.G. Sec. 4B1.1, the career offender provision, solely on a factual allegation included in the indictment of a prior charge. Crowell, 997 F.2d at 149-150. We therefore vacated the district court's judgment.
 
 
 4
 Upon remand, the district court heard additional evidence that the prior conviction was a crime of violence and concluded that the career offender enhancement under Sec. 4B1.1 was proper. The district court further determined that Crowell was entitled to a reduction for acceptance of responsibility and recalculated the applicable sentencing guideline range. Crowell was sentenced to a term of 200 months of imprisonment, a sentence in the lower third of the applicable range. This appeal followed.
 
 
 5
 Any challenge to the district court's decision to allow the government to withdraw from the plea agreement is moot. The sentence imposed on resentencing reflects the two-level reduction for acceptance of responsibility and lies within the lower third of the sentencing guideline range. Notwithstanding the government's withdrawal from the agreement, Crowell received all of the benefits he had been promised under the agreement.
 
 
 6
 The only colorable issue presented in this appeal is whether the district court erred by applying an enhancement under Sec. 4B1.1, the career offender provision. The enhancement applies if (1) the defendant was at least eighteen years old at the time of the offense, (2) the instant offense is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. Sec. 4B1.1. It is undisputed that the first two requirements are met** and that Crowell has at least two prior felony convictions. However, Crowell maintains that one of those prior felony convictions was not a crime of violence.
 
 
 7
 Crowell was previously convicted of aggravated motor vehicle theft in violation of Colo.Rev.Stat. Sec. 18-4-409(2). Because, under Colorado law, it is possible to violate the statute without even threatening physical force, our prior decision in this case held that the district court erred by basing its enhancement solely on information contained in the indictment. Crowell, 997 F.2d at 149. The government had not shown by a preponderance of the evidence that Crowell is a "career offender" under the Guidelines. Id. At resentencing, the government supplemented the allegation of use of violence contained in the indictment with statements by Colorado police officers and by Crowell himself that he was armed with a knife when he committed the prior felony offense. In light of the evidence presented upon remand, the district court's finding that Crowell was a career offender is not clearly erroneous.
 
 
 8
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable James D. Todd, United States District Judge for the Western District of Tennessee, sitting by designation
 
 
 **
 In his response to his counsel's motion to withdraw, Crowell included a brief substantive response to the Anders brief, citing United States v. Price, 990 F.2d 1367 (D.C.Cir.1993), and United States v. Heim, 15 F.3d 830 (9th Cir.), cert. denied, 115 S.Ct. 55 (1994), in support of his argument that he is not a career offender. Those two cases take opposite sides in the argument over whether a drug conspiracy conviction can be included as a "controlled substance offense" for purposes of establishing career offender status under Sec. 4B1.1. This circuit has not addressed this issue, and we need not address it here, because Crowell's offenses of conviction for which the challenged sentence was imposed include both a conspiracy and a substantive drug offense, and his prior convictions are both crimes of violence rather than controlled substance offenses