106 F.3d 402
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gregory Dewayne SHARP, Defendant-Appellant.
 No. 95-5339.
 United States Court of Appeals, Sixth Circuit.
 Jan. 17, 1997.
 
 Before: ENGEL, BROWN, and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gregory Dewayne Sharp appeals his sentence from a conviction for bank robbery and use of a firearm in relation to bank robbery. He argues that the district court erred in increasing his offense level based on the permanent or life-threatening bodily injury of a victim. We affirm.
 
 I.
 
 2
 Sharp was indicted in 1994 in the Western District of Tennessee on four counts stemming from two robberies of the First American Bank in Memphis. Counts one and two arose from a robbery on November 16, 1993; counts three and four arose from a robbery on October 18, 1993. Counts one and three charged the robberies themselves, in violation of 18 U.S.C. § 2113(a), (d). Counts two and four charged the use and carrying of a firearm in relation to the two robberies, in violation of 18 U.S.C. § 924(c). On September 30, 1994, Sharp pled guilty to counts one, two, and three.
 
 
 3
 At Sharp's sentencing hearing, on February 10, 1995, the district court calculated his range under the sentencing guidelines to be 78-97 months for the robbery charges, based partly on a six-level enhancement under U.S.S.G. § 2B3.1(b)(3)(C). The court departed downward under § 5K1.1 pursuant to the government's motion stating that Sharp had provided substantial assistance. The court sentenced Sharp to 60 months' imprisonment on each of the robbery charges, to run concurrently. On the firearm charge, the court sentenced Sharp to 60 months' imprisonment, running consecutively. Sharp was also sentenced to three years of supervised release.
 
 II.
 
 4
 Sharp's only argument on appeal is that the court erred in applying the § 2B3.1(b)(3) enhancement. That section provides,
 
 
 5
 If any victim sustained bodily injury, increase the offense level according to the seriousness of the injury:
 
 
 6
 ....
 
 
 7
 (C) Permanent or Life-Threatening Bodily Injury[:] add 6....
 
 
 8
 The district court found that § 2B3.1(b)(3)(C) applied because two police officers suffered injuries from a wreck while chasing Sharp and his companions after the second robbery, and at least one officer's injuries were permanent or life-threatening. Sharp does not dispute the extent of the officers' injuries. He contends instead that the officers could not be considered "victims" of the bank robbery because an injury suffered during pursuit of a suspect from a wreck that does not involve the suspect's car is not covered by § 2B3.1(b)(3). We review the district court's findings of fact for clear error, and we review its application of the sentencing guidelines de novo. United States v. Pierce, 17 F.3d 146, 151 (6th Cir.1994).
 
 
 9
 The district court relied on United States v. Muhammad, 948 F.2d 1449 (6th Cir.1991), in finding that the injured officers were "victims" under the guideline. Under Muhammad, the crime of bank robbery includes "the act of fleeing and the immediate consequences of such flight." Id. at 1456. The Muhammad court held that an officer assaulted by the defendant during an attempted get-away was a "victim" under § 2B3.1(b)(3). Id. Sharp acknowledges that the crime of bank robbery encompasses the get-away, but he distinguishes Muhammad on its facts. Because he did not assault the officers, he argues, Muhammad does not apply. Although it is true that the link between the defendant's conduct and the victims' injuries is more attenuated in this case than in Muhammad, we find that the officers were victims of the bank robbery because the wreck was an "immediate consequence[ ]" of Sharp's flight. See id.
 
 
 10
 Sharp also argues that even if an officer injured during pursuit of a suspect from a wreck not involving the suspect's car can be considered a "victim" under § 2B3.1(b)(3), the record is insufficient to support the district court's findings. Facts found for sentencing purposes need be supported only by a preponderance of the evidence. United States v. Crowell, 997 F.2d 146, 149 (6th Cir.1993). The district court's findings were based on the presentence investigation ("PSI") report. The PSI report, Sharp's counsel claims, does not "connect the injuries suffered by the police officers to any act of Mr. Sharp." This argument is based on the somewhat imprecise wording of paragraph 11 of the report:
 
 
 11
 Two police cars were close to the branch when the robbery was reported. Having been given a description of the car, the police gave chase. It was raining heavily on this date and two police cars wrecked and officers were injured. Mississippi police officers were also involved in the chase.
 
 
 12
 Sharp seizes on the lack of the word "the" before the clause "two police cars wrecked"--it is not clear, he argues, whether the cars that wrecked were the ones that were chasing him. At oral argument, Sharp's counsel admitted that if the report had read, "two police cars wrecked, and both were chasing this defendant," this argument would have no basis.
 
 
 13
 We do not adopt Sharp's strained reading of the PSI report. While paragraph 11 may suffer from minor syntactic imprecision, it is eminently clear from that paragraph alone that the two cars that wrecked were the same ones giving chase. The structure of the paragraph allows no other conclusion, despite the lack of a clarifying article. Furthermore, paragraph 17 of the report states that the two officers were "injured in a high speed chase after the second robbery." We find no error in the district court's findings of fact, nor do we find error in the court's application of § 2B3.1(b)(3) to those facts.
 
 III.
 
 14
 For the foregoing reasons, we AFFIRM the judgment of the district court.