UNITED STATES of America,
Plaintiff–Appellee,

v.

McCoy WRIGHT, III, Defendant–
Appellant.

No. 00–4468.

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2002.

Before KRUPANSKY and BOGGS, Circuit Judges, and LAWSON, District Judge.*

LAWSON, District Judge.

Section 4B1.1 of the United States Sentencing Guidelines classifies a defendant as a "career offender," triggering a more se-

---

* The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

vere sentence, if the defendant was at least eighteen years old when he committed the offense of conviction, the offense is a crime of violence or a controlled substance offense, and "the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(3). The defendant in this appeal, who was found to be a career offender, challenges the district court's determination that one of his prior drug convictions was "a controlled substance offense" as that term is defined by the Sentencing Guidelines. We believe that the district court's determination was correct, and therefore affirm the defendant's sentence.

## I.

In April 1998 several law enforcement agencies in southern Ohio commenced a joint criminal investigation targeting McCoy Wright, III and others, based on information that these individuals were involved in the distribution of illegal controlled substances in Butler County, Ohio. As part of the investigation, a search warrant was executed at Wright's residence in Middletown, Ohio on November 24, 1998 resulting in the seizure of approximately one pound of marijuana and $38,310 in cash. Although Wright was charged and convicted of possession of marijuana in Butler County as a result of the evidence found in the search, the criminal investigation continued. The officers gathered additional information from informants, corroborating witnesses, physical evidence obtained from trash pulls at the defendant's Middletown residence, and court-ordered wiretaps.

Wright was arrested for the offenses in this case on September 9, 1999. On September 15, 1999 a grand jury returned a 10–count indictment charging him with conspiracy to distribute and possess with intent to distribute marijuana, cocaine and cocaine base (crack) in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A), along with nine other counts alleging the use of a telephone to facilitate the commission of a drug offense in violation of 21 U.S.C. § 843(b). Wright entered a guilty plea pursuant to a plea agreement and was sentenced on November 13, 2000 to 168 months in custody.

The district court calculated his sentence consistent with the recommendations in the presentence investigation report as follows. First, the court determined that the base offense level was 34, finding Wright accountable for at least 15 kilograms but less than 50 kilograms of cocaine. *See* U.S.S.G. § 2D1.1(a)(3) and (c)(3). The district court further found that the defendant was a career offender under U.S.S.G. § 4B1.1, and therefore increased his offense level to 37. Then, pursuant to U.S.S.G. § 3E1.1, the district court decreased the adjusted offense level by three levels for acceptance of responsibility and then, pursuant to the government's motion, by an additional four levels to level 30 due to the defendant's substantial assistance in the prosecution of other individuals. *See* 18 U.S.C. § 3553(e); U.S.S.G. § 5A1.1. Wright was placed in criminal history category VI because of the career offender finding. *See* U.S.S.G. § 4B1.1.

The defendant filed several objections to the presentence report, including the one pertinent to this appeal in which he argued that one of his prior drug-related convictions was not a qualifying predicate offense allowing application of the career offender enhancement provisions of U.S.S.G. § 4B1.1. Although the defendant had no previous convictions for a crime of violence as defined in U.S.S.G. § 4B1.2(a), the presentence investigator reported that Wright had two "controlled substances of-

fenses" under U.S.S.G. § 4B1.2(b) which occurred in the fall of 1989. The first conviction, which is not the object of the defendant's argument, arose from a June 27, 1989 indictment charging Wright with one count of "Aggravated Trafficking" in cocaine in violation of Ohio Rev.Code § 2925.03(A)(1), and one count of "Complicity to Aggravated Trafficking" in cocaine in violation of Ohio Rev.Code § 2925.03(A)(2). Wright pleaded guilty to "Attempted Aggravated Trafficking" and was sentenced to six months in jail on September 27, 1989.

The second conviction resulted from an indictment returned on June 14, 1989 charging violations of Ohio Rev.Code § 2925.03(A)(2). The indictment contained counts of "Trafficking in Marijuana," and "Aggravated Trafficking" in cocaine, and was resolved by a guilty plea to two counts of "Attempted Aggravated Trafficking" for which the defendant received concurrent terms of six months in custody on September 27, 1989.

The defendant argued in the district court that in order to qualify as a "controlled substance offense" for the purpose of the career offender enhancement Sentencing Guideline provision, the prior conviction must contain an element of distribution, importation, manufacture or possession with intent to do these things; simple possession will not suffice. The defendant observed that the statute under which he was convicted, although labeled "Attempted Aggravated Trafficking," punishes both distribution and simple possession of controlled substances. The defendant then asserted that since the statute defines both qualifying and nonqualifying offenses, the sentencing court must look to the underlying conduct which, in the case of the June 14, 1989 indictment, amounted to nothing more than possession of cocaine and marijuana, and therefore the offense did not constitute a proper predicate offense under U.S.S.G. § 4B1.1.

The district court overruled the defendant's objection, holding that "it is the name of the crime and the elements of the crime as set forth in the statute, and not the particulars of any particular crime that affect whether or not an offense is a controlled substance offense under the guidelines." J.A. at 82.

The defendant filed a notice of appeal challenging this ruling. He also contends on appeal that the government failed to provide notice to the defendant under 21 U.S.C. § 851 of its intent to pursue a sentence enhancement, and therefore it may not rely on his prior convictions to enhance the sentence under the Sentencing Guidelines.

## II.

When reviewing a sentence imposed by the district court, the sentencing court's factual determinations are reviewed for clear error, while its legal conclusions, including the propriety of career offender status, are reviewed *de novo*. *United States v. Butler*, 207 F.3d 839, 842 (6th Cir.2000).

### A.

■ Turning first to the question of the notice required by 21 U.S.C. § 851, the statute states:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person)

stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a)(1). This court has held that the notice mandated by this section applies only to *statutory* sentence enhancements, not to sentence enhancements provided by the Sentencing Guidelines. *United States v. Brannon,* 7 F.3d 516, 521 (6th Cir.1993) (holding that Section 851 notice is not required for 4B1.1 career offender enhancement). The government was therefore under no obligation to inform the defendant of the potential applicability of Section 4B1.1 of the Sentencing Guidelines, and its failure to provide such notice is not a basis for vacating the defendant's sentence in this case.

### B.

■ Section 4B1.1 of the United States Sentencing Guidelines provides:

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

The term "controlled substance offense" is defined by the Guidelines as

an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b). This definition has been held to include aiding and abetting, conspiracy, and attempts. U.S.S.G. § 4B1.2 n. 1; *United States v. Williams,* 53 F.3d 769, 772 (6th Cir.1995). However, simple possession of a controlled substance is not a "controlled substance offense" for the purposes of the career offender enhancement. *See United States v. Neal,* 27 F.3d 90, 92 (4th Cir.1994); *United States v. Casarez–Bravo,* 181 F.3d 1074, 1077–78 (9th Cir.1999); *United States v. Kissick,* 69 F.3d 1048, 1053–54 (10th Cir.1995) (collecting cases).

To determine whether the defendant's prior convictions constitute controlled substance offenses under § 4B1.1, we utilize a "categorical approach," which calls first for "an examination of the fact of conviction and the statutory definition of the predicate offense." *United States v. Arnold,* 58 F.3d 1117, 1121 (6th Cir.1995) (citing *Taylor v. United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990)). Under this approach, "it is not only impermissible, but pointless, for the court to look through to the defendant's actual criminal conduct." *United States v. John,* 936 F.2d 764, 767 (3d Cir.1991). Of course, the government bears the burden of establishing the defendant's status as a career offender by a preponderance of the evidence. *See United States v. Crowell,* 997 F.2d 146, 149–50 (6th Cir.1993). However, where examination of the statute does not clearly establish whether the prior conviction is qualifying, we allow the inquiry to proceed one level deeper and "look at the charge in the indictment to which the defendant pled guilty or was adjudged guilty .... In the case of a guilty plea, the district court may also consider the plea agreement relating to the prior offense." *Arnold,* 58 F.3d at 1124; *see also United States v. Kaplansky,* 42 F.3d 320, 322 (6th Cir.1994) (en banc) (citing *Taylor,* 495 U.S. at 602). But the sentencing court should "limit its examination to only those charges in the indict-

ment that are essential to the offense to which the defendant entered his plea." *Arnold*, 58 F.3d at 1124.

Resort to the statute under which the defendant was convicted will not resolve the question of whether the conviction should be counted under U.S.S.G. § 4B1.1 where the statute punishes conduct that is both qualifying and non-qualifying. *See Arnold*, 58 F.3d at 1122. In this case, the defendant pleaded guilty to an attempt under an Ohio statute which states:

> (A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct which, if successful, would constitute or result in the offense.
>
> . . .
>
> (E) Whoever violates this section is guilty of an attempt to commit an offense. . . . An attempt to commit a minor misdemeanor, or to engage in conspiracy, is not an offense under this section. ·

Ohio Rev.Code § 2923.02 (1989). To ascertain the elements of the crime attempted, we look to the statute which defines the underlying offense, which is Ohio Rev. Code § 2925.03 (1989) entitled "Trafficking in Drugs." That statute states:

> (A) No person shall knowingly do any of the following:
>
> (1) Sell or offer to sell a controlled substance in an amount less than the minimum bulk amount as defined in 2521.01 of the Revised Code;
>
> (2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe such drug is intended for sale or resale by the offender or another;

> (3) Cultivate, manufacture, or otherwise engage in any part of the production of a controlled substance;
>
> (4) Possess a controlled substance in an amount equal to or exceeding the bulk amount, but in an amount less than three times that amount;
>
> (5) Sell or offer to sell a controlled substance in an amount equal to or exceeding the bulk amount, but in an amount less than three times that amount;
>
> (6) Possess a controlled substance in an amount equal to or exceeding three times the bulk amount;
>
> (7) Sell or offer to sell a controlled substance in an amount equal to or exceeding three times the bulk amount;
>
> (8) Provide money or other items of value to another person with the purpose that the recipient of the money or items of value would use them to obtain controlled substances for the purpose of selling or offering to sell the controlled substances in amounts exceeding a bulk amount or for the purpose of violating division (A)(3) of this section.

The defendant argues that this statute includes both qualifying and non-qualifying conduct. For instance, although subsection (A)(1) defines a qualifying crime because it includes an element of distribution (i.e., sale), subsections (A)(4) & (6) do not contain that element; rather mere possession will establish a violation.

The defendant's gloss on the statute is correct as far as it goes. Section 2925.03 includes both qualifying and non-qualifying crimes. But the charges in the June 14, 1989 indictment are more specific than that. In that document, Wright is charged in two counts with violating Section 2925.03(A)(2) ("Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe the controlled substance is

intended for sale or resale by the offender or another"). Count one alleges that Wright "did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution or distribute [marijuana] . . . [which] was intended for sale or resale." J.A. at 67. Count two makes the same allegations with respect to a quantity of cocaine. The defendant pleaded guilty to attempting these crimes. There can be little doubt that such conduct includes "the . . . import, export, distribution, or dispensing of a controlled substance . . . or the possession of a controlled substance with intent to . . . import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b). Even if one isolates the language in the first part of that subsection which proscribes "prepar[ing] for shipment, ship[ping], [or] transport[ing]," that clause must be read in conjunction with the requirement that the substance must be "intended for sale or resale." Such conduct is no less than possession of a controlled substance with intent to distribute it.

The defendant contends that if we examine the description of the offense in the plea colloquy in state court, we will see that the crime involved simple possession only. But we have held that "the district court's inquiry must 'stop short of embracing the actual conduct underlying a prior conviction.'" *Arnold*, 58 F.3d at 1122 (quoting *Kaplansky*, 42 F.3d at 323). Moreover, although the probation report describes the prior conviction as a mere possessory offense, and we have suggested that consideration of the pre-sentence report in earlier convictions can be appropriate, *see United States v. Pluta*, 144 F.3d 968, 975 (6th Cir.1998) (citing *United States v. Adams*, 91 F.3d 114, 115 (11th Cir.1996)), the presentence report cannot be used to import "facts" about earlier convictions not verifiable from one of the above-referenced, judicially noticeable sources. *Arnold*, 58 F.3d at 1122 (holding

that "the district court's reliance on the presentence investigation report was outside the scope of its discretion.")

Under the categorical approach mandated by our prior decisions and those of the Supreme Court, we believe that the lower court correctly determined that the defendant's conviction arising from the June 14, 1989 indictment was a qualifying offense under U.S.S.G. § 4B1.1. The government thus established that the defendant was a career offender, and the sentencing enhancement was proper.

### III.

There was no error in the determination that the defendant was a career offender under the Sentencing Guidelines. The sentence of the district court is, therefore, **AFFIRMED.**