NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0023n.06

No. 08-6523

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jan 10, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| CARDRICAUS RYAN, | ) | **O P I N I O N** |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:     ROGERS, SUTTON, and McKEAGUE, Circuit Judges.

**PER CURIAM.**  Cardricaus Ryan pleaded guilty to two felony offenses and was sentenced to 262 months of imprisonment.  Ryan appeals his sentence, arguing that among other things, the district court erred in enhancing Ryan's sentence because he did not have the requisite number of convictions to qualify for career-offender status.  The government agrees that resentencing is warranted on these grounds.  Because we also agree, we **VACATE** Ryan's sentence and **REMAND** for resentencing.

I.

In the instant case, Ryan pleaded guilty to possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), and to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  In advance of the district court sentencing Ryan, the Probation Office prepared a Presentence Report (PSR).  The PSR detailed Ryan's extensive criminal history,

including a 2000 felony conviction for sale of a controlled substance and what the Probation Office

understood to be a 2004 felony conviction for possession of a controlled substance with intent to sell.

Based on these two convictions, the district court determined that Ryan qualified for a sentencing

enhancement as a career offender under § 4B1.1, which provides that

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a).

At sentencing, Ryan did not object to the district court's determination that he had two prior

felony convictions that qualified as "controlled-substance offenses." As a result, other than the

information in the PSR, there were no records of those convictions before the district court. Ryan

now argues that the 2004 conviction was not a "controlled-substance offense," and another panel of

this court took judicial notice of the records of the 2004 conviction, making them part of the record

in this case. *United States v. Cardicaus Ryan*, No. 08-6523 (6th Cir. Jan. 26, 2010) (order granting

motion to supplement record and to take judicial notice).

II.

"This Court reviews for clear error a district court's findings of fact with respect to its

application of the Sentencing Guidelines; conclusions of law, however, are reviewed *de novo*."

*United States v. Ward*, 506 F.3d 468, 472 (6th Cir. 2007) (citation omitted). "[T]he government

bears the burden of establishing the defendant's status as a career offender by a preponderance of the

evidence." *United States v. Wright*, 43 F. App'x 848, 851 (6th Cir. 2002) (citing *United States v.*

*Crowell*, 997 F.2d 146, 149–50 (6th Cir. 1993)).

Not every crime involving a controlled substance is a "controlled-substance offense" for

purposes of a career-offender enhancement.  A "controlled-substance offense" is

> an offense under federal or state law, punishable by imprisonment for a term
> exceeding one year, that prohibits the manufacture, import, export, distribution, or
> dispensing of a controlled substance (or a counterfeit substance) or the possession of
> a controlled substance (or counterfeit substance) with intent to manufacture, import,
> export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

According to records related to the 2004 conviction, Ryan was initially indicted by a grand

jury for four counts of possession of a controlled substance with intent to sell (Counts 1-4), in

violation of Tenn. Code. Ann. § 39-17-417, and one count of possession of a controlled substance

(Count 5), in violation of Tenn. Code. Ann. § 39-17-418. [Appellant App'x at 10–15.]  The PSR's

discussion of the 2004 conviction indicated that Ryan pleaded guilty to Count 5 but described it as

"Possession of Controlled Substance with Intent to Sell:  Marijuana," a crime for which Ryan was

never indicted. [PSR, at ¶ 56.]  The district court, which relied on the PSR (and presumably Ryan's

lack of an objection on this point), found that this was a controlled-substance offense. [R. 57, Sent.

Tr., at 36; *see also* PSR, at ¶ 63.]

Our own examination of the records of this conviction explains why the PSR was inaccurate

on this point; the records contain conflicting information.  On one hand, the judgment indicates that

Ryan pleaded guilty to Count 5 (which was possession of a controlled substance) and that the

prosecution dropped Counts 1-4. [Appellant App. at 19.] On the other hand, the documents describe

the offense that Ryan pleaded guilty to as possession of a controlled substance *with intent to sell*. [*Id*. at 17–19.]  Furthermore, some of the descriptions of the offense are barely legible, and the statute upon which Ryan was convicted is not included on any of the documents.

The distinction is important because if Ryan was convicted of simple possession of a controlled substance without intent to "manufacture, import, export, distribute or dispense," he was not convicted of a "controlled-substance offense" that would qualify him for career-offender status. *United States v. Montanez*, 442 F.3d 485, 488 (6th Cir. 2006); *see also* U.S.S.G. § 4B1.2(b).  Such an error would require us to vacate Ryan's sentence and remand the case for resentencing. *Montanez*, 442 F.3d at 494.  Ryan takes this position.  For its part, the government agrees with Ryan and concedes that it appears that Ryan was not convicted of a controlled-substance offense in 2004.

We need not go so far as to say that Ryan was not convicted of a controlled-substance offense.  Instead, it suffices to say that based on the record before us, we cannot say by a preponderance of the evidence that Ryan's 2004 conviction was for a controlled-substance offense. With only one remaining predicate conviction, Ryan does not qualify for career-offender status. Accordingly, we **VACATE** Ryan's sentence and **REMAND** to the district court for resentencing. Because we hold that the district court must resentence Ryan, we decline to reach the merits of the other alleged sentencing errors.