**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0062n.06

**No. 09-5017**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Jan 31, 2011**

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

SHAUN SANDERS,

      Defendant-Appellant.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

**OPINION**

---/

Before:     KENNEDY and MARTIN, Circuit Judges; MURPHY, District Judge.[*]

**CORNELIA G. KENNEDY, Circuit Judge.** Defendant-Appellant Shaun Sanders pleaded guilty to conspiracy to distribute cocaine and cocaine base. After determining that Sanders qualified as a career offender under United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1, the district court sentenced him within the Guidelines to 169 months' imprisonment. Sanders now challenges the district court's application of § 4B1.1 to his Guidelines calculation, alleging that use of his prior convictions to enhance his Guidelines range violated the Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005), as well as the notice requirements of 21 U.S.C. § 851(a)(1). Because we find that each of these arguments lacks merit, we affirm Sanders's sentence.

---

[*]The Honorable Stephen J. Murphy III, United States District Judge for the Eastern District of Michigan, sitting by designation.

On May 13, 2008, Sanders, along with twenty other co-defendants, was indicted in the United States District Court for the Eastern District of Tennessee on the charge of conspiracy to distribute and to possess with intent to distribute at least five kilograms of cocaine and at least fifty grams of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (Indictment Count 1, ECF No. 2.) Sanders entered a plea agreement with the Government, pursuant to which he pleaded guilty on September 17, 2008 of the lesser-included offense of conspiracy to distribute cocaine and cocaine base. (Plea Agreement, ECF No. 229; Rearraignment Tr., Sept. 17, 2008, ECF No. 460; Sentencing Hr'g Tr. 2-3, Dec. 18, 2008, ECF No. 414 (accepting Sanders's plea agreement).) At Sanders's sentencing hearing on December 18, 2008, the district court accepted the findings in his Presentence Investigation Report ("PSR"), (Sentencing Hr'g Tr. 5, ECF No. 414), which classified Sanders as a career criminal under U.S.S.G. § 4B1.1 based on his three prior convictions for felony drug offenses: a conviction for possession of cocaine with intent to sell and two convictions for felony possession of cocaine, all of which occurred in Tennessee in 2000, (PSR 9, 10-11). As a result, Sanders's offense level increased by twelve points, thereby increasing his Guidelines range to 151 to 188 months' imprisonment. (*Id.* at 9, 15; *see also* Sentencing Hr'g Tr. 5, ECF No. 414.) The district court sentenced Sanders to a mid-range sentence of 169 months' imprisonment. (Sentencing Hr'g Tr. 23, ECF No. 414.) Sanders timely appealed.

Sanders argues that the district court erroneously used his prior convictions to enhance his Guidelines range under U.S.S.G. § 4B1.1 in violation of the rule, announced in *Apprendi* and extended in *Booker*, that "[i]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is

exposed." *Apprendi*, 530 U.S. at 490 (internal quotation marks omitted). Sanders also contends that the application of § 4B1.1 in his Guidelines calculation contravenes 21 U.S.C. § 851, which provides that no person convicted of an offense under title 21 of the United States Code can be "sentenced to increased punishment by reason of one or more prior convictions" unless, before trial or entry of a guilty plea, the Government files an information with the court "stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a)(1). Sanders did not raise these issues at sentencing, even though the district court asked him for objections to both his PSR and sentence, (*see* Sentencing Hr'g Tr. 5, 25-26); therefore, we review Sanders's sentence for plain error. *See United States v. Vonner*, 516 F.3d 382, 385-86 (6th Cir. 2008) (en banc); *see also United States v. Copeland*, 321 F.3d 582, 601 (6th Cir. 2003) ("Where a defendant fails to make an *Apprendi* objection, this court must review the claim for plain error." (citing *United States v. Strayhorn*, 250 F.3d 462, 467 (6th Cir. 2001))). To meet this standard, Sanders must show that the district court made an "error" that is "clear or obvious," "affect[s his] substantial rights," and "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009) (second alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

Sanders's claim that the district court's application of the U.S.S.G. § 4B1.1 enhancement runs afoul of the Supreme Court's decisions in *Apprendi* and *Booker* is without merit. In *Apprendi*, the Supreme Court specifically excepted prior convictions from the "facts" that the Constitution requires be proven to a jury or admitted in a guilty plea: "*[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be*

submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis added); *see also Booker*, 543 U.S. at 244 ("Accordingly, we reaffirm our holding in *Apprendi*: Any fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." (emphasis added)). In fact, the Supreme Court has explicitly held that a defendant's prior convictions may be used to increase his maximum sentence without violating the Constitution—at least when, as here, the fact of those convictions are uncontested. *Almendarez-Torres v. United States*, 523 U.S. 224, 239-48 (1998). This decision remains valid precedent. *See Apprendi*, 530 U.S. at 489-90 ("Even though it is arguable that *Almendarez-Torres* was incorrectly decided, and that a logical application of our reasoning today should apply if the recidivist issue were contested, Apprendi does not contest the decision's validity and we need not revisit it for purposes of our decision today to treat the case as a narrow exception to the general rule . . . ." (footnote omitted)); *Nichols v. United States*, 563 F.3d 240, 243 n.1 (6th Cir. 2009) (noting that *Almendarez-Torres* remains good law despite the suggestion in *Apprendi* that it was wrongly decided), *cert. denied*, 130 S. Ct. 277 (2009). Therefore, it was not error, much less plain error, for the district court to rely on Sanders's prior felony drug convictions when imposing his sentence.

Furthermore, even if prior convictions were "facts" that, under *Apprendi*, must be proven to a jury or admitted in a guilty plea, their use at sentencing can violate the Constitution only if they "increase[] the sentence that the defendant could have otherwise received." *Booker*, 543 U.S. at 232. In contrast, a judge may "exercise discretion—taking into consideration various factors relating both

to offense and offender—in imposing a judgment *within the range* prescribed by statute." *Apprendi*, 530 U.S. at 481; *see also Booker*, 543 U.S. at 233 ("We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range."). Thus, as the Supreme Court determined in *Booker*, using judge-found facts to adjust a defendant's sentence within a prescribed statutory range, pursuant to advisory sentencing Guidelines, does not violate *Apprendi*. *Booker*, 543 U.S. at 233, 259. Here, Sanders's offense was subject to the twenty-year maximum sentence proscribed for the substantive offense of conspiracy to distribute a controlled substance, (*see* PSR 15), not the heightened, thirty-year maximum sentence that applies to that offense when it is committed "after a prior conviction for a felony drug offense has become final." 21 U.S.C. § 841(b)(1)(C).[1] The district court's application of § 4B1.1 to increase Sanders's advisory Guidelines range cannot give rise to an *Apprendi* claim, as it did not affect Sanders's statutorily authorized maximum sentence or otherwise result in the mandatory imposition of a higher sentence.

Similarly, Sanders's arguments based on 21 U.S.C. § 851 are unavailing. Though the Government did not file an information listing Sanders's prior felony drug convictions before Sanders entered his guilty plea, it did not need to do so before the district court could apply the

---

[1]During the rearraignment hearing at which Sanders pleaded guilty, the Government incorrectly stated that, "because of prior drug felony conviction [sic] in [his] record[]," Sanders was "subject to an enhanced sentence which would be up to 30 years of imprisonment." (Rearraignment Tr. 19-20, ECF No. 460). It seems that Sanders's original PSR incorporated this misstatement, which in turn inflated his Guidelines range. However, Sanders objected to this error; as a result, the Probation Officer revised Sanders's PSR to reflect the correct twenty-year maximum sentence and amended his Guidelines calculation accordingly. (Appellant's Br. 5-6.) In sentencing Sanders, the district court relied on the corrected PSR, thereby subjecting Sanders to the twenty-year maximum sentence.

career-offender Guidelines enhancement. This Court has previously determined that "the requirements of § 851(a)(1) apply only to statutory sentence enhancement, not sentence enhancement under § 4B1.1 of the Sentencing Guidelines." *United States v. Mans*, 999 F.2d 966, 969 (6th Cir. 1993). Because Sanders's statutory maximum sentence was not increased by reason of his prior conviction, there was no violation of § 851. "The government was therefore under no obligation to inform the defendant of the potential applicability of Section 4B1.1 of the Sentencing Guidelines, and its failure to provide such notice is not a basis for vacating the defendant's sentence in this case." *United States v. Wright*, 43 F. App'x 848, 851 (6th Cir. 2002).

For the foregoing reasons, we **AFFIRM** the sentence imposed on Sanders by the district court.