**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 94-40313
_____

UNITED STATES OF AMERICA,

                                            Plaintiff-Appellee,


versus


ASHTON LADAY,

                                            Defendant-Appellant.



_____

Appeal from the United States District Court
for the Eastern District of Texas
_____

( June 8, 1995)


Before POLITZ, Chief Judge, EMILIO M. GARZA and STEWART, Circuit
Judges.

POLITZ, Chief Judge:

Ashton Laday appeals the rejection of his motion to withdraw
his plea of *nolo contendere* to the charge of exportation of a
stolen vehicle, 18 U.S.C. § 553.  For the reasons assigned we
vacate the sentence and remand for compliance with the plea
agreement and, thereafter, appropriate resentencing.

### Background

In June of 1993 Laday was charged with conspiring to export
stolen vehicles and their exportation for his participation in a
scheme to export a stolen backhoe to the country of Belize.  Laday

and the prosecutor entered into a plea agreement wherein he agreed to plead guilty to exportation of a stolen vehicle and the government agreed, in part, to move at sentencing for a U.S.S.G. § 5K1.1 downward departure if Laday provided substantial assistance to the government's further actions in the matter.[1]

During the Fed.R.Crim.P. 11 plea colloquy Laday told the court that he did not know that the subject backhoe was stolen. The court refused to accept Laday's plea of guilty because the offense of exportation of a stolen vehicle required knowledge that the vehicle was stolen. After a brief recess during which there was a consultation between the prosecution and defense, Laday moved to change his plea from guilty to *nolo contendere*. The government agreed to the new plea and the written agreement was revised to reflect that the plea would be one of no contest rather than guilty. There were no other changes in the plea agreement. The

[1]The plea agreement provides in pertinent part:

The Defendant understands that if he provides substantial assistance in the investigation or prosecution of others, the United States Government will file a motion at the time of sentencing informing the Court that the Defendant provided substantial assistance . . . so that the Court can, in its discretion, depart from the guidelines as contemplated by §5K1.1 of the Federal Sentencing Guidelines Manual. The United States Government agrees to inform the Court at the time of sentencing of the full extent of the assistance provided by the Defendant. It is understood by the Defendant that the Government's motion for downward departure pursuant to §5K1.1 of the Federal Sentencing Guidelines Manual is conditioned upon the Defendant's full and substantial assistance (as determined by the policy and procedures of the United States Attorney's Office for the Eastern District of Texas) including, but not limited to, testimony before the Grand Jury or at trial in this and other state and federal jurisdictions.

court accepted the *nolo contendere* plea and ordered a Presentence Investigation Report preparatory to sentencing.

The probation officer preparing the PSR reported that Laday continued to maintain that he had no knowledge that the backhoe was stolen. Because of Laday's continued protestation of a lack of guilty knowledge, the government made no effort to determine whether he could furnish substantial assistance in its investigation or prosecution of others.

At the sentencing hearing Laday moved to withdraw his plea, contending that the government breached the plea agreement by denying him an opportunity to provide substantial assistance. The district court rejected the motion, concluding that to force the government to interview Laday would be a futile exercise considering his continuting denial of knowledge that the backhoe was stolen. The court then sentenced Laday to 21 months imprisonment, a fine of $5000, restitution of $8000, the statutory assessment, and three years of supervised release. Laday timely appealed the denial of his motion to withdraw his plea.

<u>Analysis</u>

Laday asserts that the government breached the plea agreement by denying him an opportunity to substantially assist it in its investigation or prosecution of others. We review a claim of a breach of a plea agreement *de novo*.[2] A defendant asserting a breach bears the burden of proving, by preponderance of the

---

[2]**United States v. Valencia**, 985 F.2d 758 (5th Cir. 1993).

3

evidence,[3] the underlying facts establishing a breach.

It is apparent from the record that the government breached the plea agreement. Having been informed that Laday maintained his lack of knowledge that the subject backhoe was stolen, the prosecutor decided not to interview him.[4] Under the plea agreement the government did not have the prerogative of denying Laday an opportunity to provide substantial assistance.[5]

Conceding that it did not interview Laday or otherwise give him an opportunity to provide assistance prior to sentencing, the government maintains that Laday's denial of knowledge that the backhoe was stolen made any assistance he might offer insubstantial, thus excusing its conduct. We are not persuaded. The government was aware of Laday's claim of a lack of guilty knowledge when it committed to the amended plea agreement calling for his plea of *nolo contendere*. The government may not now use that claim to avoid its obligations under the express terms of the plea agreement.

Concluding that the government breached the plea agreement with Laday, we VACATE his sentence and REMAND for compliance with the plea agreement and, thereafter, for appropriate resentencing by

---

[3]**United States v. Palomo**, 998 F.2d 253 (5th Cir.), <u>cert</u>. <u>denied</u>, 114 S.Ct. 358 (1993).

[4]Perhaps the plea decisions of codefendants factored heavily into this equation.

[5]<u>See</u> **United States v. Ringling**, 988 F.2d 504 (4th Cir. 1993) (holding similar language in a plea agreement to obligate the government to conduct an interview of the defendant).

4

a different judge.[6]  In so ordering we echo the words of the Supreme Court and "emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not on the sentencing judge."[7]

VACATED and REMANDED.

---

[6]**Palomo**, 998 F.2d at 256.

[7]**Santabello v. New York**, 404 U.S. 257, 263 (1971).