**UNITED STATES of America, Plaintiff,**

v.

**Ronald Lee DILLION, Defendant.**

**No. CRIM. A. 97–16.**

United States District Court,
E.D. Kentucky.

Oct. 30, 1997.

Patrick H. Molloy, U.S. Atty's Office, Lexington, KY, for U.S.

---

Eldred E. Adams, Jr., Adams & Adams, Louisa, KY, John R. Triplett, Marcum & Triplett, Lowmansville, KY, for Defendant Gregory Wells.

John Kevin West, McCoy, Baker & West, Lexington, KY, Stephen W. Owens, Pikeville, KY, Robert Campbell Bishop, Pikeville, KY, for Defendant Ronald Lee Dillion.

HOOD, District Judge.

The defendant filed a motion [Record No. 33] to enforce the plea agreement entered into between the parties on August 5, 1996. The United States responded [Record No. 35], arguing that the defendant had breached the plea agreement and thus the agreement was void.

The Court held a hearing on the motion. After listening to the evidence presented at the hearing, the Court allowed the parties an opportunity to file supplemental briefs in support of their positions. Having reviewed those briefs in conjunction with the testimony presented at the hearing, the Court finds that the defendant failed to fulfill his obligations under the plea agreement. Having not lived up to his end of the bargain, the defendant may not now ask the Court to enforce the plea agreement. Thus, his motion shall be denied.

### *FACTUAL SUMMARY*

The defendant entered into a plea agreement with the United States on August 5, 1996. Such agreement was made because the United States had been investigating alleged prescription drug distribution by the defendant and his co-defendant, Dr. Gregory Wells. Learning of such investigation, the defendant promised to provide "substantial assistance in the investigation and/or prose-cution of other persons who have committed an offense", Plea Agreement at ¶ 7, Exhibit to Defendant's Memorandum [Record No. 34], in exchange for a lesser charge against him.

Almost a year later, however, in March of 1997, the United States informed the defendant that he had not cooperated as agreed to in the plea agreement. Hence, the United States considered the agreement to be null and void. The defendant, believing he had complied with the agreement, filed this motion, requesting the Court order the United States to abide by the terms of the agreement.

In support of his motion to enforce the plea agreement, the defendant contends that he has abided by the terms of the agreement; he states that he provided information to the United States and that he met with the United States on two occasions.[1] He notes that despite his cooperation, the United States, without any stated reason, has backed out of the agreement and has brought the above indictment against him, all in contravention of the plea agreement.

In response, the United States argues that the agreement cannot be enforced as the defendant has breached the plea agreement by failing to cooperate with the investigators. The investigators testified that the defendant arrived at prearranged meetings under the influence of narcotics to such an extent that he was not competent or in control of himself. They maintained that the defendant failed to provide substantial assistance in their investigation of the prescription drug problem in that he gave them contradictory information, even admitting that he could not remember things clearly due to his narcotic-

---

1. The defendant also highlights the fact that he has never refused to meet with a representative of the United States or to testify at any proceeding. He, moreover, submits that the government did not provide him with the opportunity to provide such information. Thus, he argues that he did not breach the agreement. *See United States v. Packwood,* 848 F.2d 1009, 1011–12 (9th Cir.1988).

Such willingness to testify or provide information does not overcome the fact that his drug addiction cripples his ability to provide reliable information and his ability to be a credible witness. Thus, the government need not seek infor-mation from him when it was clear that he could not provide useful, reliable information, especially in light of the fact that he told the investigators at the second meeting that much of what he had said at the first meeting was wrong and that his memory was not very clear due to his drug addiction. Moreover, the United States attempted to meet with him several more times, but every meeting was canceled by the defendant through his attorney. Thus, even assuming the government should have attempted to solicit information from him, regardless of the fact that the information was unreliable, the government did so attempt and thus met its responsibility.

induced state. The investigators further relayed that none of the information the defendant gave them was of use in their investigation.

Likewise, the United States put forth testimony that the defendant continued to abuse prescription drugs and to violate criminal laws after he had entered into the agreement. The United States emphasized that part of the deal with the defendant was that the defendant "clean up", i.e. stop abusing drugs, so that he could be a competent, credible witness for the government. The defendant failed to do so. Thus, based on this failure to cooperate, the United States maintains that it is no longer bound by the contract since the agreement had been rendered null and void.[2]

### DISCUSSION

■ The burden of proof is on the United States to establish by a preponderance of the evidence that the defendant breached the agreement. *United States v. Crowell*, 997 F.2d 146, 147 (6th Cir.1993). The government has met that burden.

■ The government has proved that the defendant showed up at meetings under the influence of narcotics, did not supply reliable information because he was too intoxicated to do so, and failed to complete a drug addiction program. Based on this conduct, the defendant did not, and could not, provide "substantial assistance" to the United States; he gave contradictory, unreliable information, and he in no way could be considered a competent, credible witness.

In contravention, the defendant cites *United States v. Laday*, 56 F.3d 24 (5th Cir.1995), for the proposition that the United States should not be able to complain about the defendant's inability to provide information since the government knew he had a drug problem. *Laday*, however, does not stand for that proposition.

*Laday* is factually dissimilar. The facts are as follows. Laday entered into a plea agreement with the government to help the United States obtain information on a conspiracy to export stolen vehicles. When

pleading to the charge of exportation of a stolen vehicle, Laday stated that he did not know that the particular vehicle, a backhoe, was stolen. Based on this statement, the Court rejected his plea. After some further discussion, however, the government allowed Laday to plead nolo contendere to the charge. *Id.* at 25.

After pleading guilty, however, the United States failed to seek further assistance from Laday because Laday continued to maintain that he did not know the vehicle was stolen. Laday, then, moved the Court to withdraw his nolo contendere plea because the government had breached the plea agreement by not allowing him to provide further assistance. *Id.*

The Court agreed with Laday and held that the government had indeed breached the agreement. The Court found that the government knew about his lack of knowledge in regards to the car being stolen, but entered into the plea with him anyway. Thus, the Court determined that the United States could not use this lack of knowledge to void the plea agreement based on Laday's inability to assist the United States. *Id.* at 26.

Although the defendant in this matter believes that *Laday* supports his motion, the Court cannot agree. While it is true that the United States knew that the defendant was addicted to narcotics and stayed in an intoxicated state due to that addiction, the United States did not enter into the plea agreement regardless of that addiction. Instead, the United States conditioned the plea agreement on the defendant's ability to complete a drug program and get "clean". Unlike *Laday*, the government, having knowledge of his problem, entered into the agreement upon the express condition that he change that condition. Thus, *Laday* does not control this case.

In fact, *Laday* actually can be used to support the government. Like the government in *Laday*, the defendant in this matter knew of the government's condition that he get "clean". The defendant entered into the

2. The United States also submits that the plea agreement was never ratified by the Court, and therefore the plea agreement is not binding.

However, the Court need not address this issue since the Court finds the defendant materially breached the agreement.

agreement with that knowledge, and thus, by failing to abide by those terms, he breached the agreement. *See id.* at 26.

### CONCLUSION

In sum, the defendant, having failed to get "clean" and to provide the assistance needed, materially breached the plea agreement. Accordingly, the plea agreement is no longer binding. See *United States v. Tilley,* 964 F.2d 66, 71 (1st Cir.1992) (cited with approval by *Crowell,* 997 F.2d at 147) (stressing that the defendant must live up to his promise in order for the plea agreement to be binding or else "the Government is released from its obligations under the agreement and may indict and try the defendant regardless of whatever it may have promised earlier").

Having so stated,

**IT IS ORDERED** that the defendant's motion to enforce the plea agreement [Record No. 33] be, and the same hereby is, **DENIED.**