# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-41146
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUGLAS STEELE REID,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

(B-98-CR-159-2)

August 2, 1999

Before POLITZ, HIGGINBOTHAM, and WIENER, Circuit Judges.

POLITZ, Circuit Judge:[*]

Douglas Steele Reid appeals his conviction and sentence following a guilty plea for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B). For the reasons assigned, we affirm.

## BACKGROUND

Reid pled guilty pursuant to a plea agreement which provided that, in exchange for providing truthful information, the government would recommend that he receive full credit for acceptance of responsibility and be sentenced at the bottom of the Guideline level. The plea agreement further stated that, in exchange for substantial assistance, the

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

government would recommend a reduction of one-third from the bottom of the Guideline level.

Finally, the plea agreement provided that the government would be relieved from its obligations if the defendant did not fulfill his, or if the defendant committed or was arrested for any crime. The agreement also noted that it did not apply to the government's decision whether to file a substantial assistance departure motion, reflecting that the decision to do so was vested within the "sole discretion" of the government.

While on bond, Reid tested positive for cocaine use. Accordingly, the presentence report did not recommend a downward adjustment for acceptance of responsibility. Further, the government decided not to move for a downward departure based upon substantial assistance, contending that Reid had not provided all the information he possessed regarding his criminal activities.

After several evidentiary hearings, the district court determined that Reid had not satisfied the standard for a substantial assistance downward departure. Before sentencing, Reid attempted to withdraw his guilty plea, a motion which the district court denied. Reid was sentenced to 87 months imprisonment, four years of supervised release, and the $100 special assessment.

## ANALYSIS

Reid first contends that the trial court erred in not allowing him to withdraw his guilty plea. We review that ruling for an abuse of discretion.[2] If a motion to withdraw

---

[2] **United States v. Brewster**, 137 F.3d 853 (5th Cir.), *cert. denied*, 119 S. Ct. 247 (1998).

a plea of guilty is made before sentence is imposed, the district court may permit the plea to be withdrawn if the defendant shows any "fair and just reason."[3]

Reid based his motion to withdraw upon a statement made by the trial judge at the initial guilty plea hearing to the effect that if the court chose not to follow the terms of the plea agreement, the defendant would be allowed to withdraw the plea. The plea agreement, however, did not provide Reid with an unconditional right to acceptance of responsibility and substantial assistance departures. It is manifest that it was Reid, not the court or the government, who breached the provisions of the plea agreement by his testing positive for cocaine use and by his failure to fully cooperate and provide information. The district court did not abuse its discretion in refusing to allow a withdrawal of the guilty plea.

Next, Reid contends that the government breached the plea agreement by failing to move for a downward departure for substantial assistance under USSG § 5K1.1, and that the district court abused its discretion in not requiring the

government to comply with the plea agreement. We review a claim for breach of a plea agreement *de novo*.[4]

If the plea agreement states that the government retains "sole discretion" over the decision to move for a substantial assistance departure, we review the failure to make such a motion only for an unconstitutional motive.[5] Because the instant plea agreement

---

[3]  Fed. R. Crim. P. 32(e); **United States v. Still**, 102 F.3d 118 (5th Cir. 1996).

[4]  **United  States v. Laday**, 56 F.3d 24 (5th Cir. 1995).

[5]  **United States v. Price**, 95 F.3d 364 (5th Cir. 1996).

vested in the government the sole discretion to make this departure motion, and because Reid has not alleged any unconstitutional motive, we do not perceive the government's declining to move for a substantial assistance downward departure to be a breach of the agreement.[6]

Finally, Reid contends that the government breached the plea agreement by failing to recommend a downward adjustment for acceptance of responsibility under USSG § 3E1.1, and that the district court abused its discretion for not granting this reduction. We review the denial of an acceptance of responsibility reduction with even more deference than the pure clearly erroneous standard.[7] Because Reid engaged in criminal activity after his arrest by testing positive for cocaine use while on bond, it was not error for the government or the district court to deny him the acceptance of responsibility reduction.[8]

AFFIRMED.

---

[6] Despite the government's sole discretion over this matter, the district court, without objection from the government, heard evidence regarding Reid's level of cooperation. We agree with the district court's factual findings that Reid was evasive and did not fully cooperate with the government. Accordingly, neither the district court nor the government committed error by not requesting and granting the substantial assistance departure.

[7] **United States v. Flucas**, 99 F.3d 177 (5th Cir. 1996).

[8] *See* **id.** at 180; **United States v. Rickett**, 89 F.3d 224 (5th Cir. 1996).