IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60294
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC ROBERT GERKEN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:01-CR-15-2-BrS
--------------------
January 29, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Isaac Robert Gerken appeals his guilty-plea conviction and sentence for armed bank robbery and for using a gun during the commission of the robbery, in violation of 18 U.S.C. §§ 2113(a) and 924(c).  He contends that the Government breached the plea agreement by failing to move for a downward departure for substantial assistance with respect to the investigation and trial of codefendant Chadwick Engle, which argument is reviewed de novo.  See United States v. Laday, 56 F.3d 24, 26 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1995). Gerken bears the burden of proving, by a preponderance of the evidence, the underlying facts establishing a breach. Id.

Gerken has not met his burden. His assertion that the Government breached the plea agreement by refusing to move for a downward departure for substantial assistance as to Engle fails because Gerken provided no assistance, substantial or otherwise, regarding the investigation and trial of Engle. As the district court determined, there is no evidence that Gerken repudiated his statement exonerating Engle or presented the Government with any information regarding Engle's involvement in the robbery. He thus did not qualify for the downward departure under the plain terms of the plea agreement. Gerken's contention that the Government lured him into pleading guilty with a deceptive promise is likewise unavailing; he was given the opportunity to receive the downward departure but chose not to avail himself of the opportunity by providing substantial assistance regarding Engle.

Gerken alternatively contends that the district court erred in failing to allow him to withdraw his plea for a "fair and just reason" under FED. R. CRIM. P. 32(e). The denial of a Rule 32(e) motion to withdraw a plea of guilty is reviewed for abuse of discretion. United States v. Adam, 296 F.3d 327, 332 (5th Cir. 2002). The district court did not abuse its discretion in denying Gerken's motion, which was predicated entirely on the contention that the Government breached the plea agreement. As

noted above, that contention is without merit.  It thus can not serve as a "fair and just reason" permitting withdrawal of the plea under Rule 32.  The district court's judgment is AFFIRMED.