United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-40123
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CONRADO CANTU,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-458-1
--------------------

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

    Conrado Cantu appeals his guilty-plea conviction and
sentence for racketeering, in violation of 18 U.S.C. § 1962(c).
Cantu argues that the district court erred in enhancing his
offense level pursuant to U.S.S.G. § 3C1.1 for his obstructive
behavior.  He contends further that his waiver of his right to
appeal his sentence is not enforceable in light of the
Government's breach of an oral plea agreement.

    We first address Cantu's breach argument, which we review de
novo.  See United States v. Price, 95 F.3d 364, 367 (5th Cir.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1996). Cantu has not carried his burden of establishing by a preponderance of the evidence that the Government breached the plea agreement. United States v. Laday, 56 F.3d 24, 26 (5th Cir. 1995). The terms of Cantu's plea agreement were explicit and clear. The plea agreement did not obligate the Government to file a § 5K1.1 motion or to recommend any particular sentence. Despite Cantu's self-serving allegations, there is nothing in the record to support his assertion that the Government made oral promises outside of the plea agreement and later breached those promises. See United States v. Ballis, 28 F.3d 1399, 1410 (5th Cir. 1994) (although circumstances surrounding the agreement's negotiations might indicate the parties' intent, "parol evidence is inadmissible to prove the meaning of an unambiguous plea agreement.")

Cantu's plea agreement contained an appeal waiver, which the Government seeks to enforce and which the record establishes was entered into knowingly and voluntarily. See United States v. Robinson, 187 F.3d 516, 517 (5th Cir. 1999). Therefore, Cantu's appeal of the § 3C1.1 enhancement is barred by his waiver and is dismissed. See United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992).

APPEAL DISMISSED.