# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 27, 2007**

Charles R. Fulbruge III
Clerk

No. 06-41530
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ARACELY VELA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-169-ALL

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Aracely Vela appeals her 120-month sentence following her guilty plea conviction of conspiracy to possess with intent to distribute more than five kilograms of cocaine. The Government seeks enforcement of the sentence-appeal waiver in the plea agreement.

Vela argues that the sentence-appeal waiver should not be enforced because her conviction should be reversed, her guilty plea was not knowing and voluntary, the Government breached the agreement, she was denied effective

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

assistance of counsel, and an exception to the waiver applies. United States v. Gonzalez-Lopez, 126 S. Ct. 2557, 2565 (2006), is inapplicable to Vela who was represented in the district court by court-appointed counsel. Moreover, the record shows that Vela was not denied her choice of counsel and was not coerced into pleading guilty.

Vela contends that her guilty plea was not knowing and voluntary due to prosecutorial bad faith or misconduct. Her assertions are not supported by the record. She has not briefed her argument adequately and has not shown that the district court's actions affected the validity of her guilty plea. United States v. Valdiosera-Godinez, 932 F.2d 1093, 1099 (5th Cir. 1991).

Vela also argues that she did not have sufficient notice at rearraignment that she faced an adjustment for use of a juvenile. This assertion is belied by the record. Whether Vela "resisted admitting" and whether the facts at rearraignment supported the U.S.S.G. § 3B1.4 increase are irrelevant to the validity of her guilty plea. The § 3B1.4 increase was a sentencing issue. Even post-Booker[1] the sentencing judge may continue to find by a preponderance of the evidence all facts relevant to sentencing, even if those facts increase the guideline sentencing range. United States v. Johnson, 445 F.3d 793, 798 (5th Cir.), cert. denied, 126 S. Ct. 2884 (2006).

Vela has not carried her burden of establishing by a preponderance of the evidence that the Government breached the plea agreement. United States v. Laday, 56 F.3d 24, 26 (5th Cir. 1995). The record is insufficiently developed for us to consider Vela's ineffective-assistance claims at this time. Accordingly, we decline to consider them. See United States v. Lampazianie, 251 F.3d 519, 523 (5th Cir. 2001).

Our review of the record shows that Vela's sentence-appeal waiver was knowing and voluntary and that, under the plain language of the plea

---

[1] United States v. Booker, 543 U.S. 220 (2005).

agreement, the waiver applies to the circumstances at hand. See United States v. Bond, 414 F.3d 542, 544 (5th Cir. 2005). Accordingly, Vela's appeal waiver bars review of her sentencing issues raised on appeal.

AFFIRMED.