# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2009

Charles R. Fulbruge III
Clerk

No. 07-40559
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARIO URIEL SANCHEZ-ALVAREZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-177-3

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mario Uriel Sanchez-Alvarez appeals his 108-month sentence following his guilty plea conviction for conspiracy to possess with intent to distribute more than five kilograms of cocaine. Sanchez-Alvarez pleaded guilty pursuant to a written plea agreement. He argues for the first time on appeal that the Government breached the term in the agreement requiring a recommendation for a minor role adjustment. He points to the following statement made by the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prosecutor at the sentencing hearing: "My -- you know, my gut feeling is there was more involvement, but I don't have any evidence to prove that he has additional involvement beyond his role in repackaging the narcotics at the location." Sanchez-Alvarez further asserts that the Government breached the agreement by not objecting to the probation officer's characterization of him as being "more culpable than the other defendants" and that he "had a larger role within the conspiracy."

If a defendant fails to object to an alleged breach in the district court, as is the case here, review is for plain error. *See United States v. Branam*, 231 F.3d 931, 933 (5th Cir. 2000).[1] "A defendant asserting a breach bears the burden of proving, by preponderance of the evidence, the underlying facts establishing a breach." *United States v. Laday*, 56 F.3d 24, 26 (5th Cir. 1995) (footnote omitted). This court applies general principles of contract law in interpreting a plea agreement. *United States v. Cantu*, 185 F.3d 298, 304 (5th Cir. 1999). "[T]his court considers whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement." *Id.* (quotation marks and citation omitted).

Sanchez-Alvarez has not shown a breach of the plea agreement. As the Government argues, Sanchez-Alvarez takes the prosecutor's statement out of context. A review of the sentencing transcript reflects that the statement was made during a discussion at sentencing of whether Sanchez-Alvarez qualified for a decrease pursuant to the "safety-valve" provision. As for a minor role adjustment, the sentencing transcript reflects that the prosecutor advised the district court that there was a stipulation at the rearraignment that the

---

[1] We note that the United States Supreme Court has granted certiorari on the question of what standard of review applies to a forfeited claim that the government breached a plea agreement. *United States v. Puckett*, 505 F.3d 377 (5th Cir. 2007), *cert. granted*, 171 L. Ed. 2d 932 (Oct. 1, 2008). Because we find no breach under any standard, we conclude that the standard of review question does not control the outcome of this case.

Government would recommend a minor role adjustment. In support of that recommendation, the prosecutor stated that it was the Government's belief that Sanchez-Alvarez did not have a "supervisor role" and that "[h]is role was limited to that of repackaging the cocaine." The district court's rejection of the Government's recommendation does not constitute a breach of the plea agreement. Rather, the transcript reflects that the Government's conduct was "consistent with the defendant's reasonable understanding of the agreement." *See Cantu*, 185 F.3d at 304. Accordingly, Sanchez-Alvarez has failed to establish a breach of the plea agreement that is plain, obvious, or affected his substantial rights. *See Marek*, 238 F.3d at 315.

Sanchez-Alvarez also argues that the district court erred in not granting him an adjustment pursuant to U.S.S.G. § 3B1.2(b) based on his role as a minor participant in his offense of conviction. The revised presentence report reflects that one of Sanchez-Alvarez's codefendants stated that Sanchez-Alvarez was sent "to oversee the cocaine delivery and possibly take possession of it." Although Sanchez-Alvarez objected to the accuracy of this statement, he presented no rebuttal evidence in support of his objection. Thus, the district court did not clearly err in relying on the revised presentence report. *See United States v. Alford*, 142 F.3d 825, 831-32 (5th Cir 1998). In addition, Sanchez-Alvarez acknowledged that he agreed to help repackage a large quantity of cocaine, which was a step leading to its further distribution. Because the district court's finding that Sanchez-Alvarez was not a minor participant "is plausible in light of the record read as a whole," we conclude that the district court did not clearly err in finding that he was not entitled to this reduction. *See United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005).

Sanchez-Alvarez further argues that the district court erred by enhancing his base offense level by two levels for possession of a dangerous weapon. *See* U.S.S.G. § 2D1.1(b)(1). Sanchez-Alvarez asserts he was unaware of the presence of any firearms in the house where the cocaine was found. A defendant's

3

guidelines offense level may be enhanced under § 2D1.1(b)(1) if the possession of a firearm by a coconspirator was reasonably foreseeable. *See United States v. Hernandez*, 457 F.3d 416, 423 (5th Cir. 2006). Because there is evidence that Sanchez-Alvarez's codefendant possessed a firearm while he and Sanchez-Alvarez were engaged in repackaging a large quantity of cocaine, the district court did not clearly err by finding that Sanchez-Alvarez's codefendant's possession of a dangerous weapon was reasonably foreseeable. *See United States v. Thomas,* 120 F.3d 564, 574 (5th Cir. 1997); *United States v. Castillo*, 77 F.3d 1480, 1498 (5th Cir. 1996). Furthermore, the record reflects that the district court complied with Rule 32 of the Federal Rules of Criminal Procedure by considering the relevant factors and adopting the revised presentence report's facts regarding the dangerous weapon enhancement. *See United States v. Sherbak*, 950 F.2d 1095, 1099 (5th Cir. 1992). Accordingly, the judgment of the district court is AFFIRMED.