[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 2, 2010
JOHN LEY
CLERK

No. 09-13428
Non-Argument Calendar
_____

D. C. Docket No. 08-20767-CR-UU

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELICIA TRIANA,
a.k.a. Comadre,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 2, 2010)

Before DUBINA, Chief Judge, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Felicia Triana pled guilty under a plea agreement to conspiracy to possess with intent to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. § 846. The plea agreement contained an appeal waiver. Triana was sentenced to the mandatory minimum of 120 months' imprisonment. On appeal, she argues that the district court plainly erred by failing to make a factual finding regarding the amount of cocaine attributable to her. She also argues that the district court erred by declining to compel the government to debrief her.

I.

Triana's first argument is that the district court erred by failing to make a factual finding regarding the amount of cocaine attributable to her. This court reviews the district court's drug-quantity determination for clear error. *United States v. Zapata*, 139 F.3d 1355, 1357 (11th Cir. 1998) (citing *United States v. Jackson*, 115 F.3d 843, 845 (11th Cir. 1997)). The record in this case shows that the plea agreement entered into between Triana and the government provided that Triana's offense involved at least 50, but less than 150, grams of crack cocaine. After Triana entered her guilty plea pursuant to this agreement, the probation office prepared a Pre-Sentence Investigation report (PSI) which attributed to Triana 79 grams of crack cocaine. Despite the terms of her plea agreement and her guilty plea, Triana filed a written objection indicating that although she possessed

2

79 grams of crack cocaine, she did not intend to distribute that amount and that instead, as a crack addict, she personally used half of the 79 grams she possessed, and intended to distribute less than 50 grams.

At sentencing, the district court failed to resolve Triana's objection and made no determination as to the amount of drugs that could be attributed to her. This is because the district court found that the applicability of a mandatory minimum penalty obviated the need for a finding as to drug quantity. Triana had already entered a knowing and voluntary plea of guilty to possession with intent to distribute over 50 grams of crack cocaine, an offense which carried a mandatory minimum sentence of 120 months' imprisonment. Therefore, the district court found that it was unnecessary to calculate the exact quantity of drugs attributable to Triana and sentenced her to the mandatory minimum sentence of 120 months' imprisonment.

We need not review this finding by the district court because we conclude that Triana voluntarily and freely waived her right to appeal her sentence. This court has held that appeal waivers are valid if knowingly and voluntarily entered into. *United States v. Buchanan*, 131 F.3d 1005, 1008 (11th Cir. 1997) (citing *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993)). To ensure that an appeal waiver is knowingly and voluntarily entered into, we require that the

district court specifically question the defendant concerning the sentence appeal waiver during the Rule 11 colloquy. *Id.* Where an appeal waiver was knowingly and voluntarily entered into, this court will dismiss any appeal that violates that waiver. *Id.* We have held that an appeal waiver includes a waiver of the right to appeal even blatant error. *United States v. Howle*, 166 F.3d 1166, 1169 (11th Cir. 1999). Further, we have held that a sentence appeal waiver is enforceable as to the issue of drug amounts attributed to a defendant. *United States v. Pease*, 240 F.3d 938, 942 (11th Cir. 2001).

The record in this case shows that the district court followed the required procedure and specifically questioned Triana concerning the appeal waiver during the Rule 11 colloquy. The district court clearly explained the waiver to Triana and the exceptions to that waiver. Triana stated that she understood and that she was knowingly and voluntarily accepting the terms of the plea agreement, including the waiver provision. Accordingly, we conclude that the appeal waiver is valid and, unless an exception to that waiver applies, this court must dismiss Triana's appeal.

Triana's plea agreement allowed her to appeal in only three situations–(1) if the sentenced exceeded the statutory maximum sentence; (2) if the sentence imposed was the result of an upward departure from the guideline range; or (3) if

4

the government appealed the sentence. We conclude that none of the exceptions to the appeal waiver apply in this case. The 120 month sentence imposed did not exceed the statutory maximum of life in prison, did not result from an upward departure from the guideline range of 120-135 months' imprisonment, and the government did not appeal Triana's sentence. Accordingly, we conclude that Triana waived her right to appeal her sentence–even based on drug amount attribution–and this aspect of her appeal will be dismissed.

## II.

Triana's second argument on appeal is that the district court erred when it failed to compel the government to debrief her. Triana argues that the government was required to debrief her by the terms of the plea agreement and that, by not doing so, the government breached the agreement. The sentence appeal waiver does not prevent Triana from raising this issue on appeal because this court has held that an appeal waiver does not prevent a defendant from appealing an alleged breach of the plea agreement. *United States v. Copeland*, 381 F3d. 1101, 1105 (11th Cir. 2004). This court reviews *de novo* whether the government breached the plea agreement. *Id.* at 1104.

According to the government, it decided not to provide Triana with the opportunity to provide assistance because while Triana was on bond awaiting

5

sentencing in this case, she was arrested on state charges for possession of cocaine and tampering with physical evidence. In her objections to the PSI, Triana asserted that by refusing to debrief her in regards to her cooperation and by refusing to allow her to cooperate with the government, the government violated the plea agreement and that she was entitled to have the district court order specific performance by the government. The district court denied this motion, finding that, under the terms of the plea agreement, it was solely in the discretion of the government whether to seek her cooperation and, therefore, specific performance was unavailable.

Although the government is bound by promises it makes to a defendant in order to induce a guilty plea, *Santobello v. New York*, 404 U.S. 257, 262 (1971), the government cannot be compelled to do something that it did not agree to do in the first place. The plea agreement entered into in this case is unambiguous in that it did not explicitly, or even implicitly, obligate the government to give Triana the opportunity to provide substantial assistance. Instead, the plea agreement obligated Triana to cooperate fully with the government by providing truthful and complete information and testimony *when called upon* by the government, by appearing at hearings and trials *as may be required* by the government, and *if requested* by the government, working in an undercover role. The plea agreement

6

went on to provide that the government "reserve[d] the right" to evaluate the

nature and extent of Triana's cooperation and to make her cooperation, or lack

thereof, known to the court at the time of sentencing. Because the plea agreement

in no way required the government to debrief Triana or to provide her with the

opportunity to provide assistance, it cannot be said that the government breached

the agreement by not doing so.[1] Accordingly, we conclude that the district court's

refusal to compel the government to do so was not erroneous.[2]

## III.

---

[1]This court has held that the government has "a power, not a duty, to file a motion when a defendant has substantially assisted." *United States v. Forney*, 9 F.3d 1492, 1500 (11th Cir. 1998) (quoting *Wade v. United States*, 504 U.S. 181, 185 (1992)). It would make little sense to require the government to give a defendant the opportunity to cooperate when it has the discretion to not file a substantial assistance motion even after such cooperation is completed.

[2]There are two cases from other circuits that, although not cited by Appellant, may seem to support a different outcome in this case. *See United States v. Ringling*, 988 F.2d 504, 505 (4th Cir. 1993) (holding that government was required to debrief defendant prior to sentencing where plea agreement promised that government would make cooperation known to court at the time of sentencing); *United States v. Laday*, 56 F.3d 24, 26 (5th Cir. 1995) (holding that language similar to plea agreement in *Ringling* obligated government to interview defendant, even if government believed that any assistance that defendant might offer would be insubstantial). However, those cases are distinguishable. In both *Ringling* and *Laday*, the government was obligated under the express terms of the plea agreement to inform the court of the defendant's cooperation at sentencing. The courts in those cases found an implicit obligation to interview the defendant based on this express obligation. In the case at bar, however, the government was expressly *not* required to inform the court of Appellant's assistance if it felt that it was not warranted. Accordingly, it would make no sense to read an implicit obligation to interview Appellant in this case.

In sum, the appeal is dismissed to the extent that Triana is challenging her sentence based on the drug quantity attributable to her.  Further, we affirm the district court's refusal to compel the government to debrief Triana.

**AFFIRMED** in part and **DISMISSED** in part.