**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Litho R. RANGE (91–3619); Eugene Ellington (91–3620), Defendants–Appellants.**

**Nos. 91–3619, 91–3620.**

United States Court of Appeals, Sixth Circuit.

Argued May 5, 1992.

Decided Dec. 23, 1992.

Rehearing and Rehearing En Banc Denied in No. 91–3619 Feb. 18, 1993.

Blas E. Serrano, Asst. U.S. Atty., Cleveland, OH (argued and briefed), for plaintiff-appellee U.S.

James R. Willis, Cleveland, OH (argued and briefed), for defendant-appellant Litho R. Range, Jr.

John B. Gibbons (argued and briefed), Daniel T. Todt & Associates, Cleveland, OH, for defendant-appellant Eugene Ellington.

Before: JONES and NORRIS, Circuit Judges; and WELLFORD, Senior Circuit Judge.

ALAN E. NORRIS, Circuit Judge.

Litho Range and Eugene Ellington appeal their drug-trafficking convictions, which resulted in the imposition of thirty-year terms of imprisonment. Although they raise numerous issues on appeal, we limit our discussion below to the enhancement for obstruction of justice that each received under the Sentencing Guidelines. All other allegations of error are addressed in a separate, unpublished appendix to this opinion. Because that Appendix explains our reasons for reversing Ellington's conviction, this opinion's effect is necessarily limited to the sentence imposed upon defendant Range.

The Sentencing Guidelines include the following provision: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." United States Sentencing Commission, *Guidelines Manual,* § 3C1.1 (Nov. 1990). According to the Application Notes that accompany this section, intimidating witnesses and giving materially false information to a probation officer both represent the type of conduct to which this enhancement applies. U.S.S.G. § 3C1.1, comment. (n. 3(a) & (h)).

During trial, the district court received three separate reports from the United States Marshals regarding inappropriate and disruptive behavior by the defendants. After the second incident, the trial judge addressed the following remarks to counsel in chambers:

It's come to my attention that the two defendants are mouthing off. I want you to tell them once more that it's come to the Judge's attention and he is going to, for the second time, allow the lawyers to talk to them to tell them not to talk to witnesses, not to bad-mouth witnesses, not to look threateningly at witnesses, and I appreciate it.

The third report resulted in an on-the-record colloquy with Marshal Joe Thomas:

MARSHAL THOMAS: ... Mr. Ellington has made two comments. Earlier today before lunch break he said that he was getting sick of being brought back and forth to court and he wasn't going to go back to the court. And after the last recess on the way down, he said that he, that tomorrow he was not going to come to court. And, furthermore, he wasn't even going to leave the Lake County jail tomorrow. And that's the sum and substance of it all.

THE COURT: All right. I believe that he has made this statement perhaps as one which is puffing rather than one which is putting us on notice what he intends to do. There is no defendant who puts this Court on notice as to what he intends to do....

. . . .

If he offers the marshals any resistance, he is going to be chained, he is going to be gagged, and I'm going to put him in a straitjacket and bring him into court in that condition in the presence of

the jury. I have a perfect right to do that if he offers resistance.

The record does not reveal any further instances of inappropriate conduct, although the government alleges that both defendants supplied the parole officer who prepared their presentence reports with false information.

At the sentencing hearing, the trial court assessed a two-step enhancement to the offense levels of each defendant for obstruction of justice. The court explained the reason for its decision in the following terms: "Adjustment for obstruction of justice, three times the marshals came to me and made complaints in connection with the conduct of Mr. Range and Mr. Ellington. And I will accept an increase of two points for that conduct that I reported to the lawyers of such Defendants."

■■■ This court reviews the factual findings of the district court that relate to sentencing considerations for clear error. *United States v. Head*, 927 F.2d 1361, 1372 (6th Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 144, 116 L.Ed.2d 110 (1991). Moreover, the government need only prove the facts used in sentencing determinations by a preponderance of the evidence. *United States v. Chambers*, 944 F.2d 1253, 1271 (6th Cir.1991), *cert. denied*, — U.S. —, 112 S.Ct. 1217, 117 L.Ed.2d 455 (1992). For this court to perform its function properly, however, the record developed below must indicate with specificity what facts the district court considered in reaching its offense level calculation. The record now before us is simply too cryptic to enable us to say with the requisite degree of certainty that the decision to enhance the sentences of the defendants for obstruction of justice is free of error.

Several considerations lead us to this conclusion. First, we note that both defendants received enhancements for obstruction of justice. However, the district court failed to differentiate between the two during the sentencing hearing. We know from the record, for instance, that only Ellington was reprimanded a third time. Yet the trial judge's remark, that "three times the marshals came to me and made complaints in connection with the conduct of Mr. Range and Mr. Ellington" leaves open the possibility that defendant Range was penalized for the behavior of his co-defendant. When more than one defendant is being sentenced at the same hearing, it is of critical importance that the district court state with clarity the facts on which it relies in sentencing each defendant.

A second area of concern involves the reports received by the trial judge that the defendants were "looking threateningly" at witnesses. Although the judge did not indicate whether this behavior factored into his decision to enhance the sentences for obstruction of justice, we assume from the in-chambers remarks already cited that it may have. That being the case, we find the record inadequate to support the use of this conduct to enhance defendants' sentences. By anyone's measure, the interpretation of a "look" is sufficiently subjective to merit further factual development. At the very least, the appellate record must contain enough detail to satisfy us that the conduct in question was intended to intimidate witnesses. The trial court's comment that it had received a report that defendants were "mouthing off," followed by its admonition not to "look threateningly at witnesses," does not provide us with the underlying detail necessary to an independent review on appeal.

In remanding, we do not mean to suggest that the district court must conduct an extensive adversarial hearing. Instead, we seek to provide the court with an opportunity to develop, on the record, the precise reasons for its decision to apply the obstruction of justice enhancement, so that we will be in a position to review verifiable facts rather than subjective impressions. These findings should be sufficiently individualized so that we can review Range's sentence separately. Finally, should the district court rely on the report that defendants were "looking threateningly" at witnesses during trial, it should describe on the record the indicia that led to this conclusion. Such indicia might include words or gestures that accompanied the conduct, the identity of the persons at whom the

looks were directed, or the timing of the objectionable behavior.

For the foregoing reasons, the sentence of defendant Range is vacated and this cause is remanded for further proceedings consistent with this opinion.