**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert Troy ANDERSON,**
**Defendant–Appellant.**

**No. 00–5625.**

United States Court of Appeals,
Sixth Circuit.

June 7, 2001.

Before BATCHELDER and MOORE, Circuit Judges; BERTELSMAN, District Judge.*

### ORDER

Robert Troy Anderson, a federal prisoner, appeals the sentence imposed following his guilty plea to one count of possessing cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Anderson pleaded guilty on November 19, 1999, to the offense described above, pursuant to a written plea agreement. Anticipating a government motion for a downward departure for substantial assistance under USSG § 5K1.1, Anderson asked the district court to consider a number of factors in setting the level of departure under § 5K1.1. On April 14, 2000, the district court sentenced Anderson to 104 months in prison and five years of supervised release. This sentence represented a downward departure of seven years from the high end of the applicable guideline range of 151–188 months. The judgment was entered on April 18, 2000.

On appeal, Anderson argues that the district court erred in failing to establish a precise basis for its decision not to grant his motion for a downward departure pursuant to USSG § 5K2.0.

▮ Upon review, we conclude that the district court's decision not to depart downward under § 5K2.0 is not reviewable on appeal.

▮ This court has consistently held that "a district court's discretionary refus-

---

* The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

al to depart downward is generally not appealable, unless the district court mistakenly believed it did not have legal authority to depart downward." *United States v. Pruitt*, 156 F.3d 638, 650 (6th Cir.1998); *see also United States v. Strickland*, 144 F.3d 412, 418 (6th Cir.1998). "Moreover, the district court need not explicitly state that it is aware of its discretionary power to depart downward; as long as the record makes clear such an awareness, the district court's decision is insulated from review." *Strickland*, 144 F.3d at 418; *see also United States v. Prince*, 214 F.3d 740, 766 (6th Cir.), *cert. denied*, 531 U.S. 974, 121 S.Ct. 417, 148 L.Ed.2d 322 (2000). Furthermore, this court has no jurisdiction to review a district court's failure to depart downward enough to satisfy the defendant. *United States v. Gregory*, 932 F.2d 1167, 1169 (6th Cir.1991).

██ Perhaps tacitly acknowledging this rule, Anderson does not directly challenge the district court's decision not to depart under § 5K2.0; instead, he argues that the district court was required to explain its reasons for not departing. When reviewing a district court's decision to depart, an appellate court cannot render an informed decision if it does not know the basis for both the departure and its extent; thus, specific reasons for the departure and its extent are required by this circuit. *See United States v. Barajas–Nunez*, 91 F.3d 826, 835 (6th Cir.1996). However, we find no corresponding rule that the district court need explicitly state its reasons for not departing downward under a particular guidelines section. The case relied upon by Anderson, *United States v. Range*, 982 F.2d 196 (6th Cir. 1992), is inapplicable as it involved a sentence enhancement for obstruction of justice, not a district court's informed decision whether to depart downward.

Moreover, it is apparent from the record in this case that the district court not only considered all of the factors urged by the defendant, but also granted the very level of departure requested. At sentencing, defense counsel specifically asked the court to depart downward two levels for each of the two escape attempts reported by Anderson—the principal basis for the government's substantial assistance motion—and an additional two levels for all the other mitigating factors presented. The district court did just that, departing downward six levels, from 29 to 23, with a corresponding decrease in sentencing range from 151–188 to 92–115. Anderson was sentenced at the midpoint of the lower sentencing range.

Accordingly, because the district court's informed decision regarding downward departure in this case is not appealable, Anderson's appeal is dismissed.