**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Litho RANGE, Defendant–Appellant.**

No. 02–3526.

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2002.

Before NORRIS and GILMAN, Circuit Judges; and MCKEAGUE, District Judge.*

### ORDER

This is an appeal from a summary dismissal of a collateral challenge, on the ostensible authority of Fed.R.Crim.P. 41(e), to a civil forfeiture. This case has been referred to a panel of the court pursuant to Rule 34(j)(1). Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 14, 2002, federal inmate Litho Range filed a motion styled as a "Motion for the Return of Property pursuant to 18 U.S.C. § 41(e)" that was directed to a 1991 civil forfeiture of approximately $3,024.13. The district court sua sponte ordered the motion to be dismissed. This appeal followed.

The judgment on review may be construed as an order dismissing the motion for lack of subject matter jurisdiction or as an order dismissing a complaint for the return of property on other grounds. This court reviews de novo a judgment dismissing a complaint for lack of subject matter jurisdiction. *Duncan v. Rolm Mil–Spec Computers,* 917 F.2d 261, 263 (6th Cir. 1990). This court reviews a district court judgment denying a complaint for the return of property only for an abuse of discretion. *United States v. Duncan,* 918 F.2d 647, 654 (6th Cir.1990). An abuse of discretion can be found only when a definite and firm conviction exists that the district court committed a clear error of judgment. *Jinks v. AlliedSignal, Inc.,* 250 F.3d 381, 385 (6th Cir.2001). An examination of the record and law supports the conclusion that, under either standard of review, the district court committed reversible error by ordering sua sponte the dismissal of Range's motion.

On March 21, 1991, a jury in the Northern District of Ohio found Range and a co-defendant guilty on all counts of an indictment for several drug-related crimes, but convicted Range only on the conspiracy charge. Range was acquitted on the other counts. The district court case number of this prosecution was No. 90–CR–300–02. Both defendants appealed their convictions and sentences, and the appeals were consolidated. On appeal, a panel of the Sixth Circuit affirmed Range's conviction, but vacated his sentence and remanded for resentencing. *United States v. Range,* 982 F.2d 196 (6th Cir.1992). It appears that a separate civil forfeiture action was instituted in 1991 in the Northern District of Ohio against property held, in part, by Range. The district court's designation of that ac-

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

tion was No. 91–CV–93. The result of the latter action was that Range lost approximately $3,024.13 that was seized from him in connection with the underlying criminal arrest and prosecution.

On March 14, 2002, Range filed a motion styled as a "Motion for the Return of Property pursuant to 18 U.S.C. § 41(e)" in the Northern District of Ohio. In that motion, Range sought the return of the $3,024.13 that he claims was taken wrongfully from him and, in so moving, Range relies on a version of "18 U.S.C. § 41(e)" that is clearly a reference to Fed. R.Crim.P. 41(e). (Fed.R.Crim.P. 41(e) provides that "[a] person aggrieved by an unlawful search or seizure or by the deprivation of property may move the district court . . . for the return of the property on the ground that such person is entitled to lawful possession of the property.") The United States was served with a copy of Range's motion but, before it could answer, the district court entered the following order.

> On March 14, 2002, Litho Range, defendant, filed a "Motion for the Return of Property Pursuant to 18 U.S.C. [sic] 41(e)" in his 1990 criminal case. The motion is DENIED. Plaintiff must file a civil lawsuit in the appropriate court in order to obtain the relief sought.

Range filed the present appeal from this decision and takes issue with it in its entirety.

The district court erred in not construing Range's motion as a properly designated and filed civil action. Although Criminal Rule 41(e) permits pretrial motions for the return of seized property, when the owner of the seized property invokes the rule after the close of criminal proceedings against him, courts are to treat his request as a civil action in equity. *See Dusenbery v. United States,* No. 95–4188, 1996 WL 549818 (6th Cir. Sept.25, 1996) (unpublished order), *appeal after remand, United States v. Dusenbery,* 201 F.3d 763, 768 (6th Cir.2000), *aff'd, Dusenbery v. United States,* 534 U.S. 161, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002); *United States v. Duncan,* 918 F.2d 647, 654 (6th Cir.1990) (quoting *United States v. Young,* 878 F.2d 383 (6th Cir.1989) (unpublished order)). Whether the United States may prevail in any of its defenses raised in its motion filed post-judgment is, of course, left open.

Accordingly, the district court's judgment is vacated and the cause is remanded for further proceedings. Rule 34(j)(2)(C), Rules of the Sixth Circuit.