**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0750n.06**
**Filed: August 25, 2005**

**No. 04-5015**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | **ON APPEAL FROM THE** |
| | ) | **UNITED STATES DISTRICT COURT** |
| v. | ) | **FOR THE WESTERN DISTRICT** |
| | ) | **OF TENNESSEE** |
| LATONIE MASON, | ) | |
| | ) | |
| Defendant-Appellant, | ) | |

**BEFORE: RYAN and COOK, Circuit Judges; BELL, District Judge.**[*]

**PER CURIAM.** On March 4, 2003, Latonie Mason was indicted on fifteen counts

of mail fraud and access device fraud in violation of 18 U.S.C. § 1341 and 18 U.S.C.

§ 1029(a)(2). Mason entered a plea of guilty to one count of mail fraud and one count of

access device fraud. On December 9, 2003, the district court sentenced her to 78 months in

prison and three years supervised release.

Mason's initial appeal challenged the district court's imposition of a two-level

enhancement for obstruction of justice and its denial of a two-level reduction for acceptance

of responsibility pursuant to the United States Sentencing Guidelines. Subsequent to the

_____

[*]The Honorable Robert Holmes Bell, Chief United States District Judge for the
Western District of Michigan, sitting by designation.

Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), Mason filed a

supplemental brief alleging an additional claim that the district court violated her Sixth

Amendment right to trial by jury by enhancing her sentence based upon facts found by the

district court as to the amount of loss, the number of victims, and identity theft.  At the

request of the court the parties subsequently filed a letter brief addressing the effect of the

United States Supreme Court decision in *United States v. Booker*, 125 S. Ct. 738 (2005).

## I.

Mason contends that her sentence was imposed in violation of the Sixth Amendment

because the district court made factual findings on contested issues which increased her

statutory maximum sentence under the mandatory structure of the Sentencing Guidelines.

Mason entered a plea of guilty to an offense that carried an offense level of six.  The district

court denied a two-level reduction pursuant to § 3E1.1 for acceptance of responsibility,

added a two-level enhancement pursuant to § 3C1.1 for obstruction of justice, added an

eight-level enhancement pursuant to § 2B1.1(b)(1)(E) because the loss exceeded $70,000 but

was less than $120,000, added a two-level enhancement pursuant to § 2B1.1(b)(2)(A)

because the offense involved more than 10 victims but less than 50 victims, and added a two-

level enhancement pursuant to § 2B1.1(b)(9)(C)(i)  because the offense involved the

unauthorized transfer or use of any means of identification unlawfully to produce or obtain

any other means of identification.

In *Booker* the Supreme Court held that the Sixth Amendment prevents federal judges

from making factual determinations that increase a defendant's sentence beyond that which

is authorized on the basis of facts established by a plea of guilty or a jury verdict under mandatory guidelines. 125 S. Ct. at 756. Thus, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.* The Supreme Court instructed that its Sixth Amendment holding in *Booker* and its remedial interpretation of the Sentencing Act "must be applied to all cases on direct review." *Id.* at 769. The Supreme Court recognized, however, that not every sentence would give rise to a Sixth Amendment violation. *Id.* at 769. In reviewing *Booker* claims, courts must still "apply ordinary prudential doctrines, determining, for example, whether the issue was raised below and whether it fails the 'plain-error' test." *Id.*

Mason did not raise a Sixth Amendment objection at sentencing. Accordingly, we review the district court's application of the Sentencing Guidelines under the plain-error standard. *United States v. Jones*, 403 F.3d 817, 824 (6th Cir. 2005) (citing *United States v. Oliver*, 397 F.3d 369, 375 (6th Cir. 2005); Fed. R. Crim. P. 52(b)). "Under the plain-error standard, there must exist '(1) error, (2) that is plain, and (3) that affect[s] substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *United States v. Jones,* 403 F.3d 817, 824 (6th Cir. 2005) (quoting *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)).

It is only judicial fact-finding of contested facts that raises Sixth Amendment concerns. The Sixth Amendment is not violated if the sentence imposed is based solely on facts admitted by the defendant. *See United States v. Webb*, 403 F.3d 373, 381 (6th Cir. 2005) (finding no Sixth Amendment *Booker* violation where sentence was based on facts admitted in the plea agreement); *United States v. Murdock*, 398 F.3d 491, 501-02 (6th Cir. 2005) ("Because facts sufficient to support the sentence were admitted by the defendant, his Sixth Amendment rights were not violated in this case."). *See also United States v. Jones*, No. 03-5123, 2005 WL 900870, *5 (6th Cir. Apr. 19, 2005) ("Jones has not suffered a Sixth Amendment violation because no judge-found facts were used to enhance his sentence. The indictment contains the facts to which Jones now objects, and by pleading guilty, Jones admitted those facts."); *United States v. Moore*, Nos. 04-5054, 04-5056, 2005 WL 843740, *8 (6th Cir. Apr. 12, 2005) ("The Sixth Amendment does not apply to agreed-upon facts; it regulates the decisionmaker of disputed facts.").

Mason has not shown that the issue of identity theft was in dispute. Mason did not object to this specific offense characteristic in the presentence report. Accordingly, she is deemed to have admitted that the offense involved identity theft. *See United States v. Stafford*, 258 F.3d 465, 475-76 (6th Cir. 2001) (holding that defendant's failure to object to presentence report operates as an admission as to drug types and quantities set forth in presentence report). *See also United States v. Harris*, No. 04-1589, 2005 WL 894581 at *2 (6th Cir. April 19, 2005) (holding that defendant was deemed to have admitted that his crime

involved three firearms where he failed to object to inclusion of this fact in presentence report).

Paragraph 46 of the presentence report indicated that the total amount of fraudulent credit card charges was $94,338.35. Mason indicated in her written submission with respect to sentencing factors that she admitted involvement in the activities described in paragraphs 39-46 of the presentence report. Paragraph 47 of the presentence report described the victims of Mason's fraud as the individuals who had their credit stolen and the credit card companies and specifically identified 11 entities to whom restitution in the amount of $76,738.56 was due. Mason did not object to this paragraph. She did object to paragraph 48 which listed the amount of restitution due each of the 11 victims on the basis that she believed that the total amount of her fraudulent activity was approximately $15,000. However, she did not identify which of the 11 victims or which of the amounts itemized in paragraph 48 were the focus of her general objection.

Mason's plea agreement contains a broad provision regarding relevant conduct. Mason agreed that the Sentencing Guidelines would be computed on the total amount of relevant conduct, including any dismissed counts. Because her plea agreement encompassed all relevant conduct, because she did not object to the total number of victims and amount of loss contained in paragraph 47 of the presentence report, and because her objection to the number of victims and amount of loss in paragraph 47 of the presentence report was not specific, Mason can no longer be heard to object to the district court's consideration of all relevant conduct as it related to the amount of loss and number of victims.

Even if there was "error" at sentencing as a result of the district court's factual findings as to amount of loss and number of victims, and even if that error was "plain" under *Booker*, we are nevertheless satisfied that the error does not meet the "plain error" standard because it did not affect Mason's "substantial rights."

The third step of plain-error analysis which requires the defendant to demonstrate that the error affected substantial rights "normally requires the defendant to show that the error was 'prejudicial,' which usually means that the error 'must have affected the outcome of the district court proceedings.'" *United States v. Trammel*, 404 F.3d 397, 401 (6th Cir. 2005) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).  We have held that "a sentencing error affects substantial rights where it causes the defendant 'to receive a more severe sentence.'" *Oliver*, 397 F.3d at 379 (quoting *United States v. Swanberg*, 370 F.3d 622, 629 (6th Cir. 2004)).  When the district court sentences a defendant to the low end of the guideline range, we are inclined to find that defendant's substantial rights have been affected by the court's reliance on the sentencing guidelines.  *See, e.g.*, *United States v. Davis*, 397 F.3d 340, 349 (6th Cir. 2005).  Even in cases where the district court sentences in the middle of the guideline range we are reluctant to speculate as to what the district court's sentence would be in the post-*Booker* world.  *United States v. Barnett*, 398 F.3d 516, 527 (6th Cir. 2005).  We have held that the most prudent course of action in such cases is to "presume prejudice."  *Id.*  However, we have not discounted the possibility that in some cases "the evidence in the record will be sufficient to rebut the presumption of prejudice."  *Id.* at 529.

Any presumption of prejudice is readily rebutted on the present record.  This is not a case where there is any suggestion that the district court might have given a lower sentence but for the Sentencing Guidelines.  The district court did not sentence Mason at the low end or even the middle of the Guideline range.  The district court sentenced Mason to the maximum under the Guidelines and suggested that it might have been inclined to impose a higher sentence but for the Guidelines.

Based upon the district court's statements at sentencing, we are satisfied that Mason was not substantially prejudiced by the district court's application of the Sentencing Guidelines.  Accordingly we find no plain error under *Booker*.

## II.

Although we have determined that there is no plain error under *Booker,* we must still address Mason's original arguments that the district court erred in enhancing her sentence for obstruction of justice and denying her credit for acceptance of responsibility.

The Sentencing Guidelines provide for a two-level enhancement if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice" and the obstructive conduct related to the offense of conviction.  U.S.S.G. § 3C1.1.  Conduct to which the obstruction adjustment applies includes "threatening, intimidating, or otherwise unlawfully influencing a codefendant, witness, or juror, directly or indirectly, or attempting to do so." U.S.S.G. § 3C1.1, Application Note 4(a).  The enhancement for obstruction of justice does not apply unless the defendant acted "willfully." *United States v.*

*Brown*, 237 F.3d 625, 628 (6th Cir. 2001). "Willfully" connotes some kind of deliberate or intentional conduct. *Id.*

The district court imposed a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice because Mason, after being released on bond, fraudulently opened an account in the name of Ron Murphy, the individual who originally reported Mason's fraudulent use of credit cards to the Memphis Police Department. The district court held that her continuation of criminal activity after being released on bond was obstruction of justice because the victim of the crime was also a potential witness in the criminal trial.

Mason contends that the district court erred by enhancing her sentence for obstruction of justice because the district court made no finding that she acted consciously with an intent to obstruct justice. Mason contends, furthermore, that the record is silent as to whether she was even aware that Murphy was the individual who had contacted the police about her fraudulent activities.

Mason did not raise this objection at sentencing. She accordingly acknowledges that we review the enhancement only for plain error. In other words, as noted above, we can only reverse the district court's sentence if there was (1) error, (2) that is plain, and (3) that affects substantial rights, and only if (4) the error seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Jones,* 403 F.3d at 824.

In determining whether the district court erred in imposing an enhancement for obstruction of justice we use the following trifurcated standard:

> First, we review the factual determinations made by the district court for clear error. Second, the determination that certain conduct constitutes obstruction

of justice, which is a mixed question of law and fact, is reviewed de novo. Third, because the application of the obstruction enhancement is non-discretionary, the actual imposition of the enhancement is reviewed de novo.

*United States v. Baggett*, 342 F.3d 536, 540-41 (6th Cir. 2003) (citations omitted).

The district court did not make any explicit findings on the record regarding Mason's intent. Nevertheless, contrary to Mason's assertions, the record was not silent on the issue of whether she knew Murphy was a witness against her. At the temporary emergency bond hearing on July 1, 2003, during questioning about Mason's conduct during the time that she was on pretrial release, Postal Inspector Ellis testified that Mason was aware that Murphy was a witness against her in the first phase of the investigation as they had spoken personally together about this situation. Mason offered no evidence to the contrary.

The district court did not explicitly state on the record that Mason was aware of Murphy's involvement in her arrest. Nevertheless, the district court understood that obstruction of justice required a finding that Mason acted willfully, and the uncontroverted evidence was that Mason knew Murphy had reported her fraud and that she subsequently targeted him as the next victim of her fraud. Although Mason's motivation for selecting Murphy as a victim is not clear from this record, it is clear that her selection of Murphy was not mere coincidence. We are satisfied that Mason's victimization of Murphy was sufficient to enable the district court to find that she acted with an intent to obstruct justice. We accordingly defer to the district court's assessment of the facts of record and find no error in the district court's enhancement under U.S.S.G. § 3C1.1.

Mason has also argued that the district court committed plain error by denying her acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. We review for clear error a district court's determination of whether a defendant has accepted responsibility for his offense. *United States v. Gregory*, 315 F.3d 637, 640 (6th Cir. 2003).

In denying Mason's request for acceptance of responsibility the district court stated:

> Well, it would be extraordinary for me to grant acceptance of responsibility in a case where there is obstruction of justice. I don't believe I can get to that extraordinary remedy for Ms. Mason where there was ongoing criminal conduct. That conduct, particularly conduct after her release on bond, is not consistent with acceptance of responsibility for her criminal actions. And for that reason, I will deny the request for acceptance of responsibility credit. But even if that weren't here, I think given the obstruction of justice issues, it is impossible to get there. It is impossible for me to get there. It is a matter that is discretionary with the trial court, which I recognize. But I am not going to exercise discretion to grant acceptance of responsibility.

On appeal Mason does not contest the district court's factual determination that she engaged in continuing criminal conduct after she was released on bond. She also acknowledges that continuing criminal conduct would be a sufficient basis for denying acceptance of responsibility. *United States v. Zimmer*, 14 F.3d 286, 289 (6th Cir. 1994). Obstruction of justice also provides a sufficient basis for denying acceptance of responsibility. U.S.S.G. § 3E1.1, Application Note 4. Mason nevertheless contends that the district court's ruling was erroneous because the evidence did not support a finding of obstruction of justice, and it is impossible to determine whether the district court would have denied acceptance of responsibility on the basis of her continued criminal conduct alone if it had not also found that she obstructed justice. *See United States v. Whitman*, 209 F.3d 619,

623-24 (6th Cir. 2000) (remanding for resentencing where it was unclear whether court based denial of acceptance on proper factors or improper factors).

In light of our determination above that the district court did not err in finding that Mason obstructed justice, denial of acceptance of responsibility was appropriate under either theory. Accordingly, there was no error in the district court's denial of credit for acceptance of responsibility.

### III.

In conclusion we find no plain error and accordingly AFFIRM the sentence imposed by the district court.

RYAN, Circuit Judge, dissenting.  Because I do not agree that Mason admitted the facts necessary to sustain her sentence, and I believe she was prejudiced by the resulting Sixth Amendment error, I respectfully dissent.

Mason filed seven pages of written objections to the PSR, specifically objecting to several of the facts pertaining to 1) the calculation of the amount of loss, 2) the number of victims, and 3) the enhancement for obstruction of justice.  Mason did not admit the facts relevant to these matters by failing to object or otherwise.  Defendant's Position With Respect to Sentencing Factors (hereinafter Objections).  Mason advised the district court that the PSR contained "false or unreliable information," thus triggering the sentencing court's fact-finding duty under the Federal Rules of Criminal Procedure.  United States v. Hurst, 228 F.3d 751, 760-61 (6th Cir. 2000).  Once Mason "disputed" these facts, the court could not accept those portions of the PSR as findings of fact, but was required to rule on Mason's objections.  Fed. R. Crim. P. 32(i)(3)(A) & (B).

During a lengthy sentencing hearing, the court addressed each of Mason's objections. It heard testimony from Postal Inspector A. Michael Ellis, Jr., and received 13 exhibits into evidence.  The transcript of the sentencing proceedings spans 114 pages.  At sentencing, the government did not argue that Mason had admitted the facts relevant to the amount of loss, the number of victims, and the obstructions of justice enhancement, and, while arguing that Mason did not merit a downward departure for acceptance of responsibility, the government argued that Mason's objections had required a "mini trial."  Moreover, in its supplemental Booker letter brief, the government admitted that the district court made findings of fact

necessary to support the amount of loss, the number of victims, and the enhancements for obstruction of justice.

The clearest instance of impermissible judicial fact finding came in regard to the obstruction of justice enhancement. Mason unquestionably objected to the enhancement; she denied having obtained credit in the name of witness Ron Murphy, Objections at ¶ 12, denied attempting to obtain a computer in his name, id. at ¶ 13, denied changing the address on his account, id., and denied the other alleged conduct supporting the obstruction enhancement, id. at ¶ 30. Nevertheless, the sentencing judge found to the contrary:

> [Mason] had been out to where [Murphy] worked at Bill Heard Chevrolet . . . . So it's not that he was a person who was unknown to her. In other words, there is a personal connection to Mr. Murphy in addition to the accessing of his account, or the taking over of his account, and the redirection of that to her P. O. Box and her husband's P. O. Box, 16865. So, I believe the evidence there is sufficient for me to justify the connection between Mr. Murphy and -- the fraud of Mr. Murphy and [Mason]. So, I have to reject the objection there at paragraph -- the factual objection in twelve.

Based on this finding, the court applied the obstruction of justice enhancement, and thereby increased Mason's sentence in violation of the Sixth Amendment.

The other enhancements at issue similarly fail Booker scrutiny. Mason did not admit the amount of loss or the number of victims. She did admit to a range of paragraphs that contained the conclusion that there were $94,338.35 in "fraudulent credit card charges."

However, Mason specifically objected to the PSR's inclusion of several alleged victims and the amount of loss attributed to those victims. The individual allegations, in sum, provide the data for this $94,338.35 total. It is illogical to hold that Mason admitted to the amount of loss, or the number of victims, when she presented several objections to the facts of which these numbers are comprised. The district court made findings on these objections, several of which were in favor of Mason, and adjusted the amount of loss and the number of victims totals accordingly. It is clear to me that these enhancements are supported only by judge-made findings of fact. The district court did not rule that Mason had admitted the facts necessary to apply these enhancements. This court on appeal should not so hold.

Furthermore, a close reading of the sentencing transcript reveals that Mason's objections were prepared in response to a prior version of the PSR. Therefore, her references to PSR paragraph numbers were sometimes incorrect. Not enough information about the numbering error appears in the sentencing transcript for me to conclude that Mason simply erred when she allegedly admitted to the paragraph at issue. Adopting such a conclusion, however, would make more sense than to ignore Mason's several objections, both in writing and made at sentencing, which is what we do when we hold that Mason admitted these facts.

I also do not agree with the majority that Mason failed to show that she was prejudiced by the trial court's plain error. The majority is correct that a plain error affects substantial rights where the error results in the defendant receiving a more severe sentence. United States v. Oliver, 397 F.3d 369, 379 (6th Cir. 2005). As part of her objections to the

PSR, Mason argued that her offense level was no greater than 12: a base level of six for mail fraud, U.S.S.G. § 2B1.1(a); an additional four levels for a loss exceeding $10,000, id. § 2B1.1(b)(1)(C); and an additional two levels for identity theft, id. § 2B1.1(b)(9)(C)(i) (2002). Objections at ¶ 30. Within Mason's criminal history category of V, an offense level of 12 yields a sentence of 27 to 33 months' imprisonment. Thus, absent the unconstitutional judicial fact-finding, Mason could have been sentenced, at most, to 33 months' imprisonment. Her sentence of 78 months' imprisonment is 45 months greater than what was permissible. Thus, the plain error affected Mason's substantial rights.

The majority reaches the wrong result on the prejudice prong of the plain error analysis because it conflates the standard in cases of Sixth Amendment error with that of cases where a defendant was erroneously sentenced by the mandatory application of the now advisory Guidelines. Mason does not allege that she was prejudiced because the district court treated the Guidelines as mandatory. Mason alleges Sixth Amendment error in that the district court found facts by a preponderance of the evidence and, whereas she was subject only to a sentence between 27 to 33 months' imprisonment absent the judicial fact-finding, the Sixth Amendment error subjected her to a sentencing range of 63 to 78 month's imprisonment and resulted in a final sentence of 78 months' imprisonment. For purposes of our Sixth Amendment plain error analysis it does not matter where within the range Mason was sentenced; the range itself is tainted with error. Cf. United States v. Barnett, 398 F.3d 516 (6th Cir.), petition for cert. filed, No. 04-1690, 73 USLW 3735 (June 16, 2005).

Finally, the last prong of the plain error test is also satisfied. This case is no different than the scores of Booker cases where this court has vacated a defendant's sentence and remanded for resentencing. Moreover, the trial court's judicial fact-finding resulted in more than doubling Mason's sentence. Considerations of fairness, integrity, and the public reputation of judicial proceedings dictate that we exercise our discretion in this case to recognize and rectify the district court's plain error.

Mason's sentence should be vacated, and the case remanded for resentencing. But even without the Sixth Amendment error, Mason's sentence should nevertheless be vacated because the district court applied the enhancement for obstruction of justice without finding that Mason acted willfully. There must be "at least a minimal showing by the government that [the conduct] was done with the purpose of interfering with investigation or prosecution of the crime." United States v. Perry, 991 F.2d 304, 312 (6th Cir. 1993) (emphasis added); see also United States v. Turner, 324 F.3d 456, 460 (6th Cir.) (citing Perry), cert. denied, 540 U.S. 866 (2003). Although, as the majority notes, Mason's defrauding of Murphy may not have been "mere coincidence," this still leaves unsatisfied the prerequisite that Mason targeted Murphy with the intent of obstructing justice. As the majority acknowledges, "Mason's motivation for selecting Murphy as a victim is not clear from this record." Nothing more need be said. Mason objected to application of the enhancement, and the trial court erred when if failed to make the required specific finding that Mason willfully obstructed or impeded justice. United States v. Range, 982 F.2d 196, 198 (6th Cir. 1992).

Although Mason failed to present this specific objection below, she satisfies the plain error standard. Because the record does not support a finding that Mason acted "willfully," application of the enhancement was plain error. Mason was prejudiced by the error because it directly lead to an increase in her sentence. Moreover, the error essentially precluded the trial court from granting Mason a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, because, as the trial court correctly held, it would be "extraordinary" to grant such a departure where there had been obstruction. Of course, it would be unnecessary to address this error if we were to hold, as we ought to, that Mason is entitled to resentencing pursuant to Booker.