RYAN, Circuit Judge,
dissenting.
Because I do not agree that Mason admitted the facts necessary to sustain her sentence, and I believe she was prejudiced by the resulting Sixth Amendment error, I respectfully dissent.
Mason filed seven pages of written objections to the PSR, specifically objecting to several of the facts pertaining to 1) the calculation of the amount of loss, 2) the number of victims, and 3) the enhancement for obstruction of justice. Mason did not admit the facts relevant to these matters by failing to object or otherwise. Defendant’s Position With Respect to Sentencing Factors (hereinafter Objections). Mason advised the district court that the PSR contained “false or unreliable information,” thus triggering the sentencing court’s fact-finding duty under the Federal Rules of Criminal Procedure. United States v. Hurst, 228 F.3d 751, 760-61 (6th Cir.2000). Once Mason “disputed” these facts, the court could not accept those portions of the PSR as findings of fact, but was required *806 to rule on Mason’s objections. Fed. R.Crim.P. 32(i)(3)(A) & (B).
During a lengthy sentencing hearing, the court addressed each of Mason’s objections. It heard testimony from Postal Inspector A. Michael Ellis, Jr., and received 13 exhibits into evidence. The transcript of the sentencing proceedings spans 114 pages. At sentencing, the government did not argue that Mason had admitted the facts relevant to the amount of loss, the number of victims, and the obstructions of justice enhancement, and, while arguing that Mason did not merit a downward departure for acceptance of responsibility, the government argued that Mason’s objections had required a “mini trial.” Moreover, in its supplemental Booker letter brief, the government admitted that the district court made findings of fact necessary to support the amount of loss, the number of victims, and the enhancements for obstruction of justice.
The clearest instance of impermissible judicial fact finding came in regard to the obstruction of justice enhancement. Mason unquestionably objected to the enhancement; she denied having obtained credit in the name of witness Ron Murphy, Objections at ¶ 12, denied attempting to obtain a computer in his name, id. at ¶ 13, denied changing the address on his account, id., and denied the other alleged conduct supporting the obstruction enhancement, id. at ¶ 30. Nevertheless, the sentencing judge found to the contrary:
[Mason] had been out to where [Murphy] worked at Bill Heard Chevrolet.... So it’s not that he was a person who was unknown to her. In other words, there is a personal connection to Mr. Murphy in addition to the accessing of his account, or the taking over of his account, and the redirection of that to her P.O. Box and her husband’s P.O. Box, 16865. So, I believe the evidence there is sufficient for me to justify the connection between Mr. Murphy and— the fraud of Mr. Murphy and [Mason], So, I have to reject the objection there at paragraph—the factual objection in twelve.
Based on this finding, the court applied the obstruction of justice enhancement, and thereby increased Mason’s sentence in violation of the Sixth Amendment.
The other enhancements at issue similarly fail Booker scrutiny. Mason did not admit the amount of loss or the number of victims. She did admit to a range of paragraphs that contained the conclusion that there were $94,338.35 in “fraudulent credit card charges.” However, Mason specifically objected to the PSR’s inclusion of several alleged victims and the amount of loss attributed to those victims. The individual allegations, in sum, provide the data for this $94,338.35 total. It is illogical to hold that Mason admitted to the amount of loss, or the number of victims, when she presented several objections to the facts of which these numbers are comprised. The district court made findings on these objections, several of which were in favor of Mason, and adjusted the amount of loss and the number of victims totals accordingly. It is clear to me that these enhancements are supported only by judge-made findings of fact. The district court did not rule that Mason had admitted the facts necessary to apply these enhancements. This court on appeal should not so hold.
Furthermore, a close reading of the sentencing transcript reveals that Mason’s objections were prepared in response to a prior version of the PSR. Therefore, her references to PSR paragraph numbers were sometimes incorrect. Not enough information about the numbering error appears in the sentencing transcript for me to conclude that Mason simply erred when she allegedly admitted to the paragraph at issue. Adopting such a conclusion, howev *807 er, would make more sense than to ignore Mason’s several objections, both in writing and made at sentencing, which is what we do when we hold that Mason admitted these facts.
I also do not agree with the majority that Mason failed to show that she was prejudiced by the trial court’s plain error. The majority is correct that a plain error affects substantial rights where the error results in the defendant receiving a more severe sentence. United States v. Oliver, 397 F.3d 369, 379 (6th Cir.2005). As part of her objections to the PSR, Mason argued that her offense level was no greater than 12: a base level of six for mail fraud, U.S.S.G. § 2Bl.l(a); an additional four levels for a loss exceeding $10,000, id. § 2Bl.l(b)(l)(C); and an additional two levels for identity theft, id. § 2Bl.l(b)(9)(C)(i)(2002). Objections at ¶ 30. Within Mason’s criminal history category of V, an offense level of 12 yields a sentence of 27 to 33 months’ imprisonment. Thus, absent the unconstitutional judicial fact-finding, Mason could have been sentenced, at most, to 33 months’ imprisonment. Her sentence of 78 months’ imprisonment is 45 months greater than what was permissible. Thus, the plain error affected Mason’s substantial rights.
The majority reaches the wrong result on the prejudice prong of the plain error analysis because it conflates the standard in cases of Sixth Amendment error with that of cases where a defendant was erroneously sentenced by the mandatory application of the now advisory Guidelines. Mason does not allege that she was prejudiced because the district court treated the Guidelines as mandatory. Mason alleges Sixth Amendment error in that the district court found facts by a preponderance of the evidence and, whereas she was subject only to a sentence between 27 to 33 months’ imprisonment absent the judicial fact-finding, the Sixth Amendment error subjected her to a sentencing range of 63 to 78 month’s imprisonment and resulted in a final sentence of 78 months’ imprisonment. For purposes of our Sixth Amendment plain error analysis it does not matter where within the range Mason was sentenced; the range itself is tainted with error. Cf. United States v. Barnett, 398 F.3d 516 (6th Cir.), cert. dismissed, — U.S. -, 126 S.Ct. 33, — L.Ed.2d - (2005).
Finally, the last prong of the plain error test is also satisfied. This case is no different than the scores of Booker cases where this court has vacated a defendant’s sentence and remanded for resentencing. Moreover, the trial court’s judicial fact-finding resulted in more than doubling Mason’s sentence. Considerations of fairness, integrity, and the public reputation of judicial proceedings dictate that we exercise our discretion in this case to recognize and rectify the district court’s plain error.
Mason’s sentence should be vacated, and the case remanded for resentencing. But even without the Sixth Amendment error, Mason’s sentence should nevertheless be vacated because the district court applied the enhancement for obstruction of justice without finding that Mason acted willfully. There must be “at least a minimal showing by the government that [the conduct] was done with the purpose of interfering with investigation or prosecution of the crime. ” United States v. Perry, 991 F.2d 304, 312 (6th Cir.1993) (emphasis added); see also United States v. Turner, 324 F.3d 456, 460 (6th Cir.) (citing Perry), cert. denied, 540 U.S. 866, 124 S.Ct. 186, 157 L.Ed.2d 121 (2003). Although, as the majority notes, Mason’s defrauding of Murphy may not have been “mere coincidence,” this still leaves unsatisfied the prerequisite that Mason targeted Murphy with the intent of obstructing justice. As the majority acknowledges, “Mason’s motivation for selecting Murphy as a victim is not clear *808 from this record.” Nothing more need be said. Mason objected to application of the enhancement, and the trial court erred when if failed to make the required specific finding that Mason willfully obstructed or impeded justice. United States v. Range, 982 F.2d 196, 198 (6th Cir.1992).
Although Mason failed to present this specific objection below, she satisfies the plain error standard. Because the record does not support a finding that Mason acted “willfully,” application of the enhancement was plain error. Mason was prejudiced by the error because it directly lead to an increase in her sentence. Moreover, the error essentially precluded the trial court from granting Mason a reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, because, as the trial court correctly held, it would be “extraordinary” to grant such a departure where there had been obstruction. Of course, it would be unnecessary to address this error if we were to hold, as we ought to, that Mason is entitled to resentencing pursuant to Booker.